York, Respondent, vs. Orton, Administrator, etc., Appellant.

*December 5 — December 23, 1885.*

*(1) Novation: Partnership: Agreement to assume debt: Mistake in entry of credit. (2) Estates of decedents: Appeal from allowance of claim: Amount recoverable in circuit court.*

1. C. withdrew from the firm of C., M. & Co. pursuant to an agreement which required him to convey his interest in lands owned by the firm to the members who succeeded to the firm assets.‾ He refused to deliver such conveyance unless the grantees would assume a debt owing by him to Y. They agreed to do so and the conveyance was delivered. Afterwards the agent of the firm, appointed to settle up its business, entered the amount of said debt upon the books of the firm to the credit of a firm of which Y. was a member. Both C. and Y. supposed the credit had been given to Y. individually, as it should have been, and Y. thereupon released C. from all liability. Y.'s partner had and claimed no interest in the debt. *Held*, that there was a complete substitution of those members of the firm of C., M. & Co. who succeeded to its assets, as debtors of Y. in place of C. who was released.

2. Upon appeal by either party from an award of commissioners allowing a claim against the estate of a decedent, the case is triable *de novo* in the circuit court, and the amount of the plaintiff's recovery may exceed the amount of the award.

APPEAL from the Circuit Court for *Grant* County.

For some years prior to 1876, one John L. Crawford rented a house in Hazel Green, Grant county, of the plaintiff. The accrued rent therefor amounted, in that year, to $800, and was wholly unpaid. John L. Crawford was a member of the firm of Crawford, Mills & Co., then doing business at Hazel Green. In December, 1876, he and another partner withdrew from the firm pursuant to an agreement between all the members thereof. This agreement required Crawford to convey to certain members of the firm his interest in 1,400 acres of land which the firm owned. He refused to deliver such conveyance until the members of

the firm last mentioned should agree to assume the payment of such rent to the plaintiff, and relieve him from responsibility therefor. They agreed thereto, and he thereupon delivered the conveyance.

On March 3, 1877, John L. Crawford and the plaintiff stated this agreement to one Milligan, who was the duly constituted agent of the firm to settle and close its business, and the latter thereupon placed the amount of rent due the plaintiff on the books of the firm to the credit of Chandler & York, of which firm the plaintiff had been theretofore a member. The plaintiff and John L. Crawford both supposed the credit was given to the plaintiff individually, as it should have been. Chandler never had or claimed any interest in the rent. Crawford, Mills & Co., were indebted to Chandler & York, at the time, as appears by reference to the case of *Jones v. Orton, post,* p. 9. When this credit was given, the plaintiff orally released Crawford from all liability for the rent.

Gabriel Mills was one of the partners in the firm of Crawford, Mills & Co. who thus agreed to assume the payment of the rent to the plaintiff. He died in 1880. The plaintiff presented his claim for such rent to the commissioners appointed to adjust claims against his estate, and they allowed it at $308.70. The defendant appealed from such allowance to the circuit court, where the matter was tried by the court without a jury. The trial resulted in a judgment for the plaintiff for the full amount of his claim, to be paid in due course of administration. From this judgment the defendant appeals to this court.

For the appellant there was a brief by *Carter & Cleary,* and oral argument by *Mr. Carter.*

*H. D. York,* respondent, in person.

LYON, J. The facts set forth in the foregoing statement of the case were found substantially by the circuit court,

and the evidence sustains the findings. We think there was an effectual substitution of those partners in the late firm of Crawford, Mills & Co. who succeeded to the assets of that firm (of whom Gabriel Mills was one), as the debtors of the plaintiff for the accrued rent, in place of John L. Crawford, the original debtor, who was released from liability therefor. In other words, there was an effectual novation, by which Gabriel Mills and his associates became liable to the plaintiff for such rent in place of John L. Crawford. True, the credit was erroneously entered by Milligan on the books of the latter firm in favor of Chandler & York, but it is not perceived why the plaintiff, who alone was entitled thereto, may not avail himself of the credit. To allow him to do so is no injustice to the substituted debtors, because Chandler claims no interest in the rent, and Crawford, Mills & Co. were indebted at that time to Chandler & York. Hence they may as well account to the plaintiff for the rent as to Chandler & York. We conclude that the plaintiff established his claim against the estate of Gabriel Mills, to the amount of $800.

It was maintained by counsel for the defendant that, because the plaintiff has not appealed from the award of the commissioners, he cannot recover in the circuit court any greater sum than the commissioners awarded him, which was $308.70. We do not concur in this proposition. The appeal of the defendant alone necessitated a trial *de novo* in the circuit court of the whole controversy. The award of the commissioners thereupon ceased to be of any importance, and the parties stood in that court as they stood before the commissioners. Had the award been admitted in evidence to show the sum awarded by the commissioners, it would probably have been error. *Central Bank of Wis. v. St. John,* 17 Wis. 157. The matter stood in the circuit court precisely as a case appealed from a justice of the peace where a trial *de novo* is required by law. Undoubtedly, in

such a case, the judgment of the circuit court is unaffected by the judgment of the justice or the question as to which party appeals. It goes upon the merits, the same as though the case had been brought originally in the circuit court. Such is the rule in this and like cases.

Counsel for defendant based an argument in support of his position on sec. 4037, R. S., which provides that the circuit court may, on appeal from an order of the county court, reverse or affirm the same, in whole or in part, etc. Many orders of the county court are of a character that only admits of a reversal or affirmance on appeal. Others, like the award here, may require something more than a mere reversal or affirmance, either in whole or in part. The same section gives the circuit court ample authority to make the proper order or render the proper judgment in such cases, without regard to the amount awarded by the commissioners.

We conclude that the circuit court rendered the proper judgment, and hence that it should not be disturbed.

*By the Court.*— Judgment affirmed.