BOVEE, Appellant, vs. JOHNSON, Executor, Respondent.

*December 8, 1906—January 8, 1907.*

*Wills: Probate: Appeal to circuit court: Procedure: Estoppel: Trial de novo: Appearance by attorney: Jurisdiction.*

1. On appeal to the circuit court by an heir and legatee from an order of the county court admitting a will to probate, it is error for the circuit court to rule that appellant, who was present in the county court at the time the will was admitted to probate and made no objection thereto, is estopped from contesting such probate in the circuit court by reason of his consent given in the county court.

2. Under sec. 2294, Stats. 1898 (providing that no will shall be effectual to pass either real or personal estate unless it shall have been duly approved and allowed in the county court as provided in the statutes, *or on appeal in the circuit court* or in the supreme court), sec. 4031 (providing that in all cases not otherwise provided for, any person aggrieved by any order, judgment, decree, or determination of the county court may appeal therefrom to the circuit court), and sec. 4034 (providing that, when the cause is thus transferred from the county court to the circuit court by appeal, it may be brought to *trial in the same manner* as actions originally brought therein, and the court shall proceed to the trial and the determination of the matter according to the rules of law, allowing a trial by jury of all questions of fact, in cases where such trial may be proper; and such court may direct an issue to be made up between the parties in a brief form, when it shall be deemed necessary, and appeals may be taken to the supreme court as in other cases), an heir named as legatee in a will, who was present in the county court on its probate and made no objection, may appeal from the determination admitting such will to probate and file objections to such probate, and is thereupon entitled to a trial *de novo* in the circuit court.

3. On an appeal from a judgment of the circuit court admitting, on appeal from a judgment of the county court, a will to probate, claims were made in the supreme court, for the first time, that the appeal papers from the county court were insufficient to give the circuit court jurisdiction. These claims were based on two grounds: (a) that it did not appear that appellant was in any wise interested in the estate; (b) that the notice of appeal was not signed by appellant nor by any person by his direction. *Held:*

(1) Recitation in the petition for the probate of the will that appellant was one of testator's next of kin and heirs at law, and in the will, by which he was named as a legatee, that he was a son of deceased, and a statement in the notice of appeal that appellant was aggrieved by the order of the county court, showed that appellant was interested in the estate.

(2) Appellant having given and signed the undertaking on such appeal as principal, and the same having been approved by the county court, the notice of appeal signed B., "attorney for appellant," sufficiently established that the notice of appeal was given by his direction.

(3) The circuit court had jurisdiction by virtue of the appeal.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

It appears from the record and is undisputed that June 21, 1904, Frederick Bovee executed his will wherein he nominated and appointed the proponent, *George A. Johnson,* executor thereof, and in which he bequeathed to his son, the contestant, *Irving Bovee,* $10. July 19, 1904, the said Frederick Bovee died, leaving said instrument. On August 23, 1904, said will was admitted to probate by the county court of Calumet county. Within the time required by the statutes the son, *Irving Bovee,* by his attorneys, Barber Bros., served notice of appeal to the circuit court for Calumet county, and filed the same with the requisite undertaking with the county court, and the same was duly approved by that court October 21, 1904. On November 5, 1904, the county judge of that county duly certified the papers and the proceedings in the case to the circuit court for that county. On February 21,

1905, the said *Irving Bovee* by Barber Bros., his attorneys, filed in the circuit court for Calumet county objections to the admission and allowance of said will to probate, to the effect that the will was not duly executed by the testator; that the testator was not of sound mind at the time the will purported to be so executed, and had not sufficient mental capacity at that time to execute the same; that such instrument was procured by fraud and undue influence exercised by the son, William Bovee, and others. On March 20, 1905, the place of trial was changed to Outagamie county on an affidavit of prejudice. On August 26, 1905, the executor, *George A. Johnson,* and the son, William Bovee, were examined under sec. 4096, Stats. 1898. February 7, 1906, the cause came on for trial in the circuit court, whereupon the proponent and executor named in the will called as a witness the county judge of Calumet county, who produced and identified the will, the petition of said executor for its admission to probate, the order for publication, the notice of publication, the notice of hearing, proof of publication, and then, under repeated objections and exceptions made and taken by the attorneys for said contestant, *Irving Bovee,* the said county judge was allowed to testify as to what was sworn to before him at the time of the probate of the will August 23, 1904, by two of the witnesses to the execution of the will, the certificate of proof of the will issued by the county court of Calumet county August 23, 1904, the decree of the county court admitting the will to probate August 23, 1904, and the recitals therein, the order of the county court appointing the executor and requiring him to give the requisite bond or undertaking, the bond given in pursuance thereof, the letters testamentary issued to the executor, the order for the adjustment of claims against the estate, the order appointing appraisers, the notice of appeal and undertaking given thereon on behalf of said contestant, the fact that no objections were made nor exceptions filed to the proof of the will in the county court, the fact that the

county court at the time of such probate inquired of those present, including said *Irving Bovee,* as to whether there was any objection to admitting the will to probate, and that their answer was in the negative; and on cross-examination he testified that neither *Irving Bovee* nor any of the persons present at the time of probate appeared by attorney. Thereupon the executor and proponent rested the case, and the contestant, *Irving Bovee,* also rested the case.

Upon such testimony the circuit court made findings of fact to the effect that the will was made and executed by the testator as stated; that it was admitted to probate August 23, 1904, as stated; that at that time *Irving Bovee* was present in the county court and consented to the admission and allowance of the will to probate as the will of the deceased. As conclusions of law the circuit court found that the will was so admitted to probate August 23, 1904, with such consent of *Irving Bovee* and without fraud or mistake, and that said *Irving Bovee* was estopped from contesting such decree and allowance to probate, and directed and ordered judgment in favor of said executor and against said *Irving Bovee* accordingly. From the judgment so entered, with costs, the said *Irving Bovee* appeals.

For the appellant there was a brief by *Barber Bros. & Clark,* attorneys, and *Barbers & Beglinger,* of counsel, and oral argument by *Fred Beglinger.*

*J. E. McMullen,* for the respondent.

Cassoday, C. J. 1. The rulings of the circuit court to which exceptions were taken were to the effect that where an heir at law is present in the county court at the time the will is admitted to probate and makes no objection to the same, and subsequently appeals therefrom to the circuit court, he is estopped from contesting such probate in the circuit court by reason of his consent given in the county court. If such is the

law then it has been repeatedly disregarded by trial courts, if not by this court. The statute declares:

"No will shall be effectual to pass either real or personal ·estate unless it shall have been duly approved and allowed in the county court as provided in these statutes, *or on appeal in the circuit court* or in the supreme court." Sec. 2294, Stats. 1898.

Under that statute the circuit court is only authorized to prove and allow the probate of the will when taken to that ·court on appeal from the county court. *Will of Hunt,* 122 Wis. 460, 463, 100 N. W. 874. Another section of the statute provides that "in all cases not otherwise provided for, . . . any person aggrieved by any order, judgment, decree, determination" of the county court "may appeal therefrom to the circuit court." Sec. 4031, Stats. 1898. The statute also provides that ·when the cause is thus transferred from the county court to the circuit court by appeal, it "may be brought to *trial in the same manner* as actions originally brought therein, and the court shall proceed to the trial and the determination of the matter according to the rules of law, allowing a trial by jury of all questions of fact, in cases where such trial may be proper; and such court may direct an issue to be made up between the parties in a brief form, when it shall be deemed necessary, and appeals may be taken to the supreme court as in other cases." Sec. 4034, Stats. 1898. Thus, it was held by this court at an early day that upon such appeal there is to be "a trial *de novo* in the circuit court, and the order of the county court was wholly immaterial. It was properly rejected as an item of evidence to be considered by the jury." *Central Bank v. St. John,* 17 Wis. 157, 166. In a later case it was held:

"Upon appeal by either party from an award of commissioners allowing a claim against the estate of a decedent, the ·case is triable *de novo* in the circuit court, and the amount of the plaintiff's recovery may exceed the amount of the award." *York v. Orton,* 65 Wis. 6, 8, 26 N. W. 166.

In a late case on appeal from the judgment of the circuit court affirming the final order of distribution of the county court it was held that "the trial in circuit court is a trial *de novo,* and not a mere review of errors." *Fitch v. Huntington,* 125 Wis. 204, 209, 102 N. W. 1066. The same rule has been applied in case of appeals from the county court in will cases. Thus, in an early case where the will was admitted to probate by the county court without objection, four of the heirs at law appealed therefrom to the circuit court, where the cause was tried *de novo,* the proponents and executors taking upon themselves the burden of proving the execution of the will anew, the same as though it had never been admitted to probate in the county court. *Will of Jackman,* 26 Wis. 104, 108, 109. In that case it was said by the majority of the court:

"In this state the jurisdiction concerning the probate of wills and the administration and settlement of estates is vested in the county courts. The decision of those courts upon the question of the validity or invalidity of the will is conclusive, unless an appeal is taken therefrom. . . . And upon the appeal being perfected, the circuit court is authorized to 'proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by a jury.' . . . And so, upon an appeal from an order of the county court admitting to probate a will, the circuit court must proceed and determine the matter according to settled principles applicable to the case; and if the assistance of the jury is desirable to determine doubtful questions of fact, it may have the verdict of a jury to inform its judgment and conscience."

It was there held:

"(1) On appeal from an order admitting, or refusing to admit, a will to probate, the circuit court may submit questions of fact to a jury, or not, at its discretion. (2) A verdict in such a case has substantially the same effect as a verdict on a feigned issue in chancery; and if it is clearly contrary to the weight of evidence, refusal of a new trial is error."

Mr. Justice PAINE dissented on the ground that the verdict should have the same binding force as in actions at law. In a later case the will was admitted to probate by the county court without objection. One of the heirs at law appealed to the circuit court. Certain questions were submitted to the jury, who found in favor of the contestants. The trial court set aside the verdict of the jury and entered judgment admitting the will to probate. On appeal to this court the judgment was reversed, and the cause remanded with directions to enter judgment upon the verdict of the jury rejecting the probate of the will. *Will of Slinger,* 72 Wis. 22, 37 N. W. 236. We must hold that the contestant was entitled to a trial *de novo* in the circuit court.

2. It is claimed by the proponent that the appeal papers from the county court were insufficient to give the circuit court jurisdiction. This claim is made in this court for the first time. It is based upon two grounds. One is that it does not appear that *Irving Bovee* is in anywise interested in the estate. It does appear, however, in the petition for the probate of the will made by the proponent and executor named in the will and the opposing party in this action that *Irving Bovee* was one of the testator's surviving next of kin and heirs at law; and it does appear from the will itself that *Irving Bovee* was the son of the deceased and a legatee named therein; and he is also named in the decree of the county court admitting the will to probate. It is also stated in the notice of appeal that said *Irving Bovee* is aggrieved by such order or decree of the county court. Thus, it appeared by the records of the county court, at the time of taking such appeal, that *Irving Bovee* was interested in the estate of the deceased. The other objection to such jurisdiction of the circuit court is that such notice of appeal was not signed by *Irving Bovee* nor by any person by his direction. It purports to be given by him and is signed "Barber Bros., Attorneys for Appellant." The statute expressly authorizes "every person of full age and

sound mind" to "appear by attorney in every action or pro-
ceeding by or against him in any court except criminal ac-
tions." Sec. 2585, Stats. 1898. There is certainly no pre-
sumption that *Irving Bovee* was not of full age and of sound
mind. He gave and signed the undertaking on such appeal
as principal, and the same was approved by the county court.
We have no doubt but that the circuit court had jurisdiction
by virtue of the appeal. Manifestly, there was a mistrial.

*By the Court.*—The judgment of the circuit court is re-
versed, and the cause is remanded for a new trial.