### BENDER BROS. v. P. H. LOCKETT.

(Case No. 1847.)

1. DISTRICT COURT — DISMISSAL ON APPEAL — TRIAL DE NOVO.— Plaintiff re-
covered in a justice's court and defendant appealed to the district court.
After the cause had been docketed in the district court the papers were lost,
and the plaintiff asked leave of the district court to substitute, which was
granted. At the next term, plaintiff, having declined to substitute, asked
that the appeal be dismissed. The court ordered the appeal dismissed from
the docket without prejudice to the judgment rendered in the justice's
court. *Held:*

(1) That unless a case taken from a justice to a district court is dismissed
for some illegality, or insufficiency in the manner of bringing it up, it stands
for trial *de novo* in the court (R. S., arts. 311, 312, 317, 1294), and is conducted
as if originally brought in the district court.

(2) That the justice's judgment is vacated and the plaintiff must prove his
case anew; he may be dismissed for any cause that would have operated a
dismissal had the case been continued in the district court. If the plaintiff
is dismissed he is as effectually out of court as if his suit had never been
commenced. No order could be made in the district court reviving the va-
cated judgment of the justice's court.

(3) That the destruction of papers does not of itself take a cause out of
court, but an order to that effect must be entered up. It was primarily the
duty of the plaintiff to make the substitution, as it was to his interest that
the cause should proceed.

APPEAL from Marion. Tried below before the Hon. B. T. Estes.
The opinion states the case.

*Jas. H. Rogers*, for appellants, cited: R. S., art. 2458; Perry *v.*
McKinzie, 4 Tex., 154.

*G. T. Todd*, for appellee.

WILLIE, CHIEF JUSTICE.— This was an appeal from a justice's court
to the district court of Marion county. No objection was made in
the district court to the manner in which the appeal was taken and
perfected. It appears, however, that, after the cause had been regu-
larly docketed in the district court, the papers were lost; and the
plaintiff, who had recovered in the justice's court, asked leave of
the district judge to substitute. This leave was granted and the
cause continued to the next term. Instead of substituting the pa-
pers, the plaintiff, at the next term, declined to do so, and requested
the court to dismiss the appeal. Whereupon the court ordered that
the cause be dismissed from the docket without prejudice to the
judgment rendered in the justice's court. It is for the alleged error
in making this order that the judgment is brought here for revision.

The bill of exceptions taken to the ruling of the court recites that the plaintiff's counsel declined to substitute the lost papers, and requested the court to dismiss the appeal for that reason; and thereupon the court ordered that the cause be dismissed from the court without prejudice to the judgment rendered in the court from whence the appeal was taken. It is, therefore, made apparent that the appeal was not dismissed because of any irregularity in bringing it to the district court, but solely for the reason that the papers had not been substituted.

Unless a case taken from a justice to a district court is dismissed for some illegality or insufficiency in the manner of bringing it up, it stands for trial *de novo* in the court above. R. S., arts. 311, 312, 317, 1294.

With some exceptions, not important in the present case, the cause is conducted as if originally brought in the district court. The justice's judgment is vacated; and if the plaintiff recovered it, he derives no benefit from that fact in the new trial. He must prove his case, as if he had never proved it before; and he may be dismissed for any cause that would have operated a dismissal had it been commenced in the district court. The judgment below being vacated, it is the duty of the plaintiff to prosecute his suit to obtain a new judgment, and, if dismissed, he is out of court as effectually as if his suit had never been commenced in the court below. Hence, when this suit was dismissed the plaintiff had no judgment in the justice's court against the defendant, and the district court could not, by any order, call into life again the one which had ceased to exist by reason of the appeal.

The destruction of papers does not of itself take a cause out of court. An order to that effect must be entered up. The district judge recognized this by making an order striking the case from the docket. Had he stopped there, his action might, under the circumstances, have been sustained. We would doubtless have concluded that the plaintiff, not having made the substitution in the long period allowed him, had concluded to abandon the proceedings; and this more especially as he asked that they be dismissed. It was primarily the duty of the plaintiff to make the substitution, as it was to his interest that the cause should proceed. He could not refuse to do so, and then fall back upon a judgment which he had already obtained, which had been canceled and rendered of no effect.

But the judgment of the district court not only dismissed the cause, but recognized the judgment of the justice as binding and in

full force.   This we regard as beyond the power of the district court under the circumstances.   It was in effect a direction to the justice to execute the judgment rendered by him, and which had been previously vacated.   In this action of the court there was error, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 27, 1885.]