### H. W. MOORE v. DAVID JORDAN ET ALS.

(Case No. 2169)

1. APPEAL—TRIAL DE NOVO—JOINT JUDGMENTS—In all cases of joint judgments where, on appeal, the trial is *de novo*, the rule is, that an appeal by any party against whom the judgment was rendered annuls the judgment and divests it of all power to support an execution. (Citing Powell on Appellate Procedure, 359, 378; Freeman on Judg. 328; Curtis *v.* Beardsly, 15 Conn. 523; Bank *v.* Wheeler, 28 Conn. 441; Campbell *v.* Howard, 5 Mass. 378; Bender Bros. *v.* Lockett, decided at last Tyler term.

2. APPEAL FROM JUSTICE'S COURT—EFFECT UPON THE JUDGMENT—An appeal from a judgment rendered in a justice's court does not merely suspend its execution until the determination of the cause in the appellate court, as does an appeal from the district court to the supreme court; but its effect is to annul the judgment.

APPEAL from Houston. Tried below before the Hon. A. M. Miller, special judge.

The opinion states the case.

*Cooper & Moore*, for appellant, cited: Watrous *v.* Rodgers, 16 Tex. 410; DeLeon *v.* Owen, 3 Tex. 153; Blanton & Nunnally *v.* Langston & Co., 60 Tex. 150, 151; R. S., 2874; Griswell *v.* Bledsoe, 22 Tex. 656; Davis *v.* Miller, 6 Tex. 340; R. S., 2875, 2876 ; Freeman on Ex., 33.

*Nunn & Denny*, for appellees, cited: Harle *v.* Langdon's Heirs, 60 Tex. 564 ; Williams *v.* Ponus, 48 Tex. 141.

STAYTON, ASSOCIATE JUSTICE.—The appellant obtained a judgment against David Jordan and Tamer Jordan, in justice's court, and against their sureties on a replevin bond given to release property seized under a writ of sequestration. From that judgment David Jordan alone appealed. The appeal was dismissed in the district court, to which the cause had been transferred on account of the disqualification of the county judge, on the ground that the appeal bond was insufficient. From that judgment David Jordan and the sureties on the replevin bond perfected an appeal to this court, which was decided at the present term, and the judgment of the district court, dismissing the appeal, was reversed, and the cause remanded for a trial.

After the appeal was dismissed in the district court, and after an appeal from that judgment to this court had been perfected, the appellant Moore caused an execution to issue against Tamer Jordan, and the sureties on the replevin bond. An injunction was sued out by David Jordan and the sureties on the replevin bond, to restrain the execution of that process, pending the appeal to this court. On hearing, that injunction was perpetuated, and, from the judgment

through which this was done, an appeal is prosecuted to this court. The judgment rendered in the justice's court was a joint judgment against David Jordan, Tamer Jordan and the sureties on the replevin bond. An appeal from that judgment, by any party against whom it was rendered, annulled it. It was no longer a judgment which, in any event, would authorize an execution.

This is believed to be the rule in all cases of joint judgments where, on appeal, the trial is *de novo*. Powell on App. Pro., 357, 373; Freeman on Judgment, 328; Curtis *v*. Beardsly, 15 Conn. 423; Bank *v*. Wheeler, 28 Conn. 441; Campbell *v*. Howard, 5 Mass. 378; Bender Bros. *v*. Lockett, decided at last Tyler term.

The constitution provides that, in all appeals from justice's court, there shall be a trial *de novo*. An appeal from a judgment rendered in a justice's court does not merely suspend its execution until the determination of the cause in the appellate court, as does an appeal from the district court to this court, but its effect is to annul the judgment. On such appeals, the appellate court does not affirm or reverse the judgment of the justice's court, but tries the case, *de novo*, on its merits, and renders such judgment as ought to be rendered. In such cases the appellate court does not award a *procedendo*. Wahrmburger *v*. Horan, 2 Tex. 292.

The execution enjoined authorized the seizure and sale of the property of the two sureties, who, with their principal, were prosecuting an appeal, and, even in ordinary cases, in which, on appeal, there is no trial *de novo*, there would be no authority for the execution, if supersedeas bond be given. This would be true, as to the sureties, had their principal alone appealed. The rights of the sureties, as well as of their principal, might be injuriously affected in several respects by the enforcement of the execution. The fact that a defendant, who had not joined with the sureties in the pending appeal, was included in the execution, does not affect their right to the injunction, for there was no existing judgment to support an execution against any person.

The district court, on dismissing the appeal, entered no judgment other than of dismissal, and awarded a writ of *procedendo*. The enforcement of that judgment could not legally be had, pending the appeal to this court from it. As presented, an inquiry into the manner and as to the extent to which those who sought the injunction, as between themselves, might be affected by the enforcement of the execution, was an irrelevant inquiry. The execution was issued unlawfully, and its enforcement was properly restrained. It is unnecessary to consider whether the appellees would have been entitled to

an injunction, had an execution issued against Tamer Jordan alone, even though there was no existing judgment against her. The appellees were entitled to the relief given to them by the decree of the district court, and its judgment will be affirmed.

AFFIRMED.

[Opinion delivered January 29, 1886.]