WOLDERT GROCERY COMPANY v. BOONEVILLE ELEVATOR COMPANY.

No. 1530.    Decided March 19, 1906.

**Justice Court—Appeal—Jurisdiction.**

From a judgment in justice court in favor of plaintiff against defendant on a contract of sale, and in favor of defendant for a like sum against a third party impleaded by defendant as liable to it in case of recovery by plaintiff, the third party so impleaded alone appealed. Held that his defense, involving the liability of defendant to plaintiff as a condition of his own liability to defendant, brought up the entire case for trial de novo, and defendant could appeal from a judgment of the county court awarding plaintiff recovery but denying defendant recovery against the party impleaded and who had prosecuted appeal from justice court.    (Pp. 582, 583.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Smith County.

*T. O. Woldert,* for appellants.

*Geo. W. Cross, A. Morgan Duke* and *Fitzgerald & Butler,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the First District, as follows:

"This suit was brought in the justice court of precinct No. 1 of Smith County, by the Booneville Elevator Company, against appellant, to recover $138.15 as damages for the alleged breach of a contract for the sale of a carload of corn by plaintiff to the˙defendant. At the instance of the grocery company, J. J. Lewis was made a party to the suit, under allegations charging, in substance, that the corn was ordered by said company for Lewis, and that he had refused to receive same, and

was, therefore, liable to said company for any amount that plaintiff might recover against it. The trial of the cause in the justice court resulted in a verdict in favor of the elevator company against the grocery company for $124.67½, and in favor of the grocery company against Lewis for a like amount.

"Upon this verdict the following judgment was rendered:

" 'It is therefore ordered, adjudged and decreed that plaintiff, Booneville Elevator Company, have and recover of defendant, Woldert Grocery Company, the sum of $124.67½, with interest thereon from date hereof, and all cost in this behalf expended, for which let execution issue. And it is further ordered, adjudged and decreed by the court that said defendant, Woldert Grocery Company, have and recover judgment over against defendant, J. J. Lewis, for the sum, to wit: $124.67½, with 6 percent interest thereon from date hereof, and all cost in this behalf expended, and for which let execution issue.'

"The defendant Lewis moved for a new trial, and, his motion having been overruled, appealed to the county court by filing with the justice a sufficient appeal bond, payable to the grocery company and the plaintiff.

"The grocery company made no motion for a new trial in the justice court, and did not appeal from the judgment against it in favor of the elevator company.

"Upon the trial in the county court, on the appeal of Lewis, the plaintiff appeared by attorney, and there was a trial de novo of its suit against the grocery company, as well as the suit of the latter company against Lewis. The result of this trial was a judgment in favor of the elevator company against the grocery company for the amount claimed by it, and a judgment in favor of Lewis that the grocery company take nothing by its suit against him.

"From this judgment an appeal by the grocery company is now pending in this court.

"At a former day of this term we affirmed the judgment of the court below in favor of Lewis, and dismissed the appeal of the grocery company against the elevator company on the ground that there having been no appeal by the grocery company from the judgment of the justice court, the county court acquired no jurisdiction of the suit between said parties, and therefore this court acquired no jurisdiction of said suit by this appeal. No objection was made by the elevator company to the proceedings in the county court, and it filed no motion in this court to dismiss the appeal against it.

"Appellant has filed a motion for rehearing, which is now pending, and in which it is urged, among other things, that we erred in dismissing its appeal against the elevator company upon the ground above stated.

"Upon the foregoing statement we respectfully certify for your decision the question:

"Did we err in holding, for the reason stated, that this court acquired no jurisdiction of the suit of the elevator company against the grocery company?"

The defendant Lewis, having been made a party defendant, as one re-

sponsible to the defendant grocery company for such liability as the plaintiff might establish against it, had the right, so long as he was kept in the case in this attitude, to contest the claim asserted by plaintiff against the grocery company. The case made against him by the pleading of that company was that he was the principal for whose benefit it, as an agent, had made the contract, the breach of which constituted the cause of action to be investigated, and that his refusal to accept the corn was the cause of such breach. To establish his liability to the grocery company two things were essential: (1) The liability of the grocery company to plaintiff; and (2) the alleged relation of Lewis to that company and to the contract. Lewis being a party to the action, judgment in favor of plaintiff against the grocery company would conclusively establish against him the first fact, if the second existed. Freeman on Judg., secs. 181, 184. He was therefore entitled, for his own protection, to contest the existence of the first fact, and, when the judgment was rendered in the justice court in favor of plaintiff against the grocery company, and in favor of the latter over against him, he had the right to appeal; and as he was interested, as just shown, in the correct adjudication of the issue between plaintiff and the grocery company, his right of appeal included the right to have that issue tried de novo. He occupied to the litigation the same relation as that of a warrantor made party defendant to defend the title of his warrantee, who may contest the title asserted by plaintiff as fully as can the original defendant. It follows that, as Lewis' right of appeal entitled him to carry up the whole case for a trial de novo, his appeal had the effect to dissolve the judgment of the justice of the peace, and to make it necessary for the other parties to establish their claims in the county court, as if the cause had never been tried. Bender Bros. v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395. All of the parties were thus carried before the county court, and the issue between the plaintiff and the grocery company remained open for a new trial. We therefore answer that the Court of Civil Appeals erred in holding that the County Court, and therefore the Appellate Court, acquired no jurisdiction of the cause as between the elevator company and the grocery company.