### J. W. HARTER ET AL. v. B. C. CURRY.

#### No. 1731. Decided December 11, 1907.

**Appeal from Justice Court.—Dismissal of Suit.**

A plaintiff who appeals from a judgment for defendant in Justice Court may dismiss the suit in the County Court and institute a new proceeding on the same cause of action. The judgment below was vacated by his appeal, and neither it nor the judgment of dismissal in the County Court will bar the second action. (P. 188.)

Question certified from the Court of Civil Appeals for the Third District in an appeal from Falls County.

*Martin & Martin,* for appellants, cited: Bender v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395; Roberts v. McCamant, 70 Texas, 744.

*N. J. Lewellyn* and *Tom Connolly,* for appellees.—When the plaintiff, seeking relief from an adverse judgment in the Justice's Court, appeals to the County Court and there dismisses his appeal, the justice's judgment is revived and becomes final. Miller v. Holtz, 23 Texas, 141; Jameson v. Smith, 16 S. W. Rep., 864; Foreman v. Gregory, 17 Texas, 195; Figures v. Dunklin, 68 Texas, 645.

MR. JUSTICE BROWN delivered the opinion of the court.

From the accompanying opinions we make the following statement of the facts necessary to a decision of the question certified. The appellants brought a suit in a Justice of the Peace Court in Falls County to recover from B. C. Curry $125.00 for rent of about ninety acres of land. That case was tried in the Justice Court and judgment rendered for the defendant Curry, from which the plaintiffs appealed to the County Court. In the County Court both parties announced ready for trial, and, after the trial had begun, plaintiff took a non-suit and this judgment was entered:

"On this the 6th day of May, 1905, came the parties by their attorneys and the plaintiffs say they will not further prosecute their said suit which plaintiffs appealed from Justice Court of precinct No. 1, Falls Co., and pending in this court on plaintiff's said appeal. It is therefore considered by the court that the plaintiffs, J. W. Harter and wife Della Harter, Charley Schuh and wife Mary Schuh, L. R. Herrington and wife Kate Herrington, Herman Rickelmann, Bertha Rickelmann and J. W. Harter as guardian of the minors Barbra Rickelmann, Christina Rickelmann and Clara Rickelmann, take nothing by their suit and that the defendant Curry go hence without day, and that he have and recover of the plaintiffs his costs in this behalf expended, and that he have his execution."

Plaintiffs again filed a suit in the Justice Court against B. C. Curry upon the same cause of action and for the same amount. Curry pleaded the judgment of the justice of the peace in the first case and judgment of the County Court, each, as a bar to the second suit. In the Justice Court judgment was again entered against the plaintiffs, from which they appealed to the County Court of Falls County, and at the trial in that court the plea of *res adjudicata* filed by Curry in the Justice Court was stricken out. Upon the trial on the merits, judgment was again rendered against plaintiffs from which an appeal was taken to the Court of Civil Appeals. Curry assigned error in the Court of Civil Appeals on the action of the County Court in striking out his plea of former judgment.

The Court of Civil Appeals certified to this court the following question: "Whether or not it was error for the trial court to strike out appellee's plea of *res adjudicata?*"

We answer, no. When the appeal was perfected according to law and the County Court acquired jurisdiction of the case, it stood on the docket as if the suit had been originally commenced in that court. The judgment of the Justice Court was vacated by the appeal, and the voluntary dismissal of the case did not restore the vacated judgment, but put all parties out of court. Bender v. Lockett, 64 Texas, 566; Moore v. Jordan, 65 Texas, 395; Woldert Grocery Co. v. Boonville Elevator Co., 99 Texas, 581; Roberts v. McCamant, 70 Texas, 743.

In the last case cited Judge Gaines said: "It is held, that when an appeal is properly taken from the judgment of the Justice Court, that it operates to avoid the judgment, and that a subsequent voluntary dismissal in the County Court does not restore it to validity.

(Bender v. Lockett, 64 Texas, 566; Moore v. Jordon, 65 Texas, 395.) If, however, it be a case which can not be appealed, or if the law for perfecting appeals be not complied with, we are of opinion that the judgment remains in force, and upon a dismissal by the County Court upon the ground that it has not acquired jurisdiction of the case it is the duty of the justice to issue execution upon the original judgment at the instance of the party in whose favor it is rendered."

Counsel for appellee claims that the case before us is distinguishable from those cases cited above in the fact that in this case the judgment was against the appellants in the Justice Court and the dismissal enabled plaintiffs to rid themselves of that judgment and to institute another suit in the Justice Court upon the same cause of action. The plaintiffs might have dismissed in the Justice Court before judgment or after a new trial in that court, and the appeal placed the case in the County Court upon the same footing as it would have been in the Justice Court before judgment or after new trial, and the same result would follow as in case of dismissal in the County Court. The judgment when vacated as to one party was set aside as to all parties. (Woldert Grocery Co. v. Boonville Elevator Co., 99 Texas, 581.)

In the case cited, judgment was rendered in the Justice Court against the Woldert Grocery Company in favor of the Elevator Company and upon its plea over against him judgment was entered in favor of the Grocery Company against J. J. Lewis for the same amount. Lewis appealed to the County Court, but the Grocery Company did not appeal. This court held that the appeal by Lewis vacated the judgment as to the Grocery Company.

Counsel for Curry submitted Kansas City & Ft. S. Ry. Co. v. Hammond, 25 Kans., 208, as supporting his contention. Judge Brewer stated that the statute of Kansas prescribes the procedure upon dismissal of the appeal from Justice's Court. He said: "The argument is that the dismissal of the appeal, like a dismissal of the case, leaves the party without judgment. Not so." Quoting the statute on the subject. The distinction between the dismissal of the appeal and the dismissal of the case is in that case stated substantially as in Roberts v. McCamant, above cited.