WESTERN UNION TELEGRAPH CO. v. McKEE BROS.

(Court of Civil Appeals of Texas. March 7, 1911.)

1. JUSTICES OF THE PEACE (§§ 166, 167*)—REVIEW — EFFECT OF APPEAL AS VACATING JUDGMENT.

Where an appeal from a judgment of a justice's court is perfected by defendant, so as to remove the cause into the county court for trial de novo, the appeal vacates the justice's judgment, so that a dismissal of the appeal does not reinstate or revive the judgment appealed from, and in respect to the result there is no difference whether there is a dismissal of the appeal or of the cause.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 638–651; Dec. Dig. §§ 166, 167.*]

2. JUSTICES OF THE PEACE (§ 167*)—TRIAL OF CAUSE ANEW — JUDGMENT ON TRIAL DE NOVO—DISMISSAL.

Where an appeal is perfected by defendant from a judgment of a justice's court, and the cause is removed into the county court for trial de novo, appellant stands as a party defendant in the county court and the case stands as though it had been originally brought in that court, and it cannot properly be dismissed for failure of appellant to appear at the trial.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 647–651; Dec. Dig. § 167.*]

3. EXECUTION (§ 171*)—JUDGMENT—INJUNCTION.

Where appellant perfects an appeal from a judgment of a justice's court and thereby vacates the judgment, a dismissal of the appeal by the county court does not reinstate the judgment, and an injunction lies to restrain execution thereon.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit for an injunction by the Western Union Telegraph Company against McKee Bros. Temporary injunction dissolved on hearing and suit dismissed, and plaintiff appeals. Reversed, with a perpetual injunction against the defendants from any further pro-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ceedings to enforce a judgment of the justice's court.

Hume & Hume, for appellant. T. C. Turnley and O. S. York, for appellees.

REESE, J. McKee Bros. recovered a judgment in the justice's court against the Western Union Telegraph Company for $60 from which an appeal was regularly taken to the county court. All of the proceedings with regard to the appeal were regular and proper, so as to remove the cause into the county court for trial de novo. In the county court the following order was made: "This day upon call of the above numbered and entitled cause on appeal from the justice's court, neither the defendant nor its attorneys appearing to prosecute their appeal, it is ordered by the court that said appeal be and is hereby dismissed at the cost of the defendant, for which execution may issue." Thereafter the plaintiff sued out an execution upon the original judgment in the justice's court, upon which the constable was about to seize certain personal property of defendant, whereupon defendant Western Union Telegraph Company filed this suit for an injunction restraining the levy of said execution, and further restraining the issuance of any further execution upon the judgment. A temporary writ was granted by the district judge. Upon the trial the temporary writ was dissolved, the injunction prayed for denied, and the cause dismissed, with judgment for costs against plaintiff. From this judgment the plaintiff has appealed.

By several assignments of error and appropriate propositions thereunder, appellant assails the judgment denying the injunction and dismissing the cause. Under these assignments, appellant presents the contention that the appeal from the judgment of the justice's court vacated the judgment and took the whole case for trial de novo into the county court, and the dismissal of the appeal did not reinstate nor revive the justice court judgment. We think this contention is sound, and must be sustained. Bender v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395; Woldert Gro. Co. v. Booneville Elevator Co., 99 Tex. 583, 91 S. W. 1082; Harter v. Curry, 101 Tex. 188, 105 S. W. 988. Some confusion may appear to arise from the indiscriminating use of the phrases "dismissal of the appeal" and "dismissal of the cause" in some of these decisions, but, so far as concerns the result of the appeal upon the judgment of the justice court, there can be no difference whether the cause or the appeal is dismissed.

In the case of Bender v. Lockett, supra, the court in one part of the opinion speaks of the judgment as a dismissal of the cause, but it appears that it was, in fact, a dismissal of the appeal. What was decided in each of the cases cited was that, if the ap-

peal was properly perfected, it vacated the judgment of the justice court that a dismissal of the appeal did not have the effect to reinstate the judgment appealed from. This left appellees without any judgment. The execution was issued without authority, and the injunction prayed for should have been granted. It does not matter that the demand upon which the judgment was rendered is a just debt and is unpaid. This did not authorize the seizure of appellant's property without a proper judgment and execution, nor was it required to offer to pay the same in order to protect its property from unlawful seizure and sale. Of course, the county court could not properly dismiss the appeal for failure of appellant to appear at the trial. He had prosecuted his appeal with effect as required by the conditions of the appeal bond by taking the proper steps to take the case into the county court for trial de novo. Thereafter he stood as a defendant, and the case stood, so far as concerned the rights of the parties, as though it had been originally brought in the county court. Appellees should have prosecuted their claim to judgment in the county court.

The judgment of the district court is reversed and judgment here rendered perpetually enjoining appellees from any further proceedings to enforce the judgment of the justice court.

Reversed and rendered.