### WILLIAMS v. CONNELL.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 23, 1911.)

JUSTICES OF THE PEACE (§ 166*)—REVIEW—DISMISSAL—REINSTATEMENT.

Where plaintiff moved in the county court to dismiss defendant's appeal from a justice's judgment, and upon the suggestion of defendant's counsel the appeal was dismissed by agreement, plaintiff was entitled to have the cause reinstated, where plaintiff's counsel did not contemplate that the entire cause would

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 72 Ark. 657.

be dismissed, and his agreement was a mere inadvertence.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 166.*]

Appeal from Denton County Court; S. H. Hoskins, Judge.

Action by G. W. Williams against M. J. Connell. From a judgment for plaintiff in the justice court, defendant appealed to the county court, where the appeal was dismissed, and from an order denying his motion to reinstate his cause of action plaintiff appeals. Reversed and remanded.

Joe S. Gambill, for appellant. Mays & Wilson, for appellee.

SPEER, J. The following statement is sufficient for the purposes of this appeal: Williams sued Connell in the justice's court for certain rents due for the year 1910, and recovered a judgment. The defendant appealed to the county court, where the plaintiff, Williams, filed a motion to dismiss the appeal for certain irregularities in perfecting the appeal. While presenting his motion in the county court, counsel for defendant, Connell, suggested to counsel for Williams that the appeal should be dismissed by agreement. Thereupon the court entered an order reciting that the parties appeared in person and by attorney, and agreed that the appeal should be dismissed, and decreeing that the appeal should be dismissed, and that the defendant, Connell, be adjudged to pay the costs incurred in the county court. Afterward Williams, through his counsel, filed his motion in the county court to set aside and vacate the foregoing order upon the supposition that its effect was to dismiss entirely his cause of action against Connell. The court and all the parties appear to have so treated the order. The trial court declined to reinstate the cause, and Williams has appealed.

We have carefully read the statement of the facts proved upon the motion to reinstate, and there is little or no room to doubt that counsel for appellant in agreeing that the appeal should be dismissed never contemplated that his cause of action should be dismissed, but thought the agreement applied only to his motion to dismiss the appeal for defects in the appeal bond. This is not seriously controverted. Under these circumstances, it is apparent counsel for appellant never intended to agree to an order the effect of which would be to deprive him of a good cause of action. It was an inadvertence at most on his part, and the court in the exercise of a sound discretion should have permitted a reinstatement of the case. What we have said has been upon the assumption that the effect of the order of dismissal of the appeal was to dismiss the cause of action and some authorities

very much in point for that proposition might be cited, as, for instance, W. U. Tel. Co. v. McKee Bros., 135 S. W. 658, but it is by no means clear under the circumstances of this case that the effect of the order was not to sustain appellant's motion to dismiss for substanial defects in the appeal bond. If this is true, even though the ruling were erroneous, we have no doubt but that appellant would be entitled to enforce the judgment of the justice of the peace. But we will treat the order of the county court as treated by the court and both parties; that is, as disposing of the entire cause of action, but order the reversal upon the ground that the court erred in not reinstating the case upon appellant's timely motion.

Reversed and remanded.