## SOUTHWESTERN LAND CORPORATION v. NEESE.

(Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1913.)

1. JUSTICES OF THE PEACE (§ 147*)—APPEAL— DECISIONS REVIEWABLE.

Under Rev. Civ. St. 1911, art. 2393, requiring appeals from justice's court to be perfected within 10 days from the date of the judgment, and article 747, providing that a writ of certiorari to review a judgment of a justice of the peace shall not be granted more than 90 days after the date of the judgment, no appeal could be taken from an order refusing to enter nunc pro tunc an order setting aside a judgment granted more than two years before, and granting a new trial, since the statute does not permit the county court to entertain an appeal for the sole purpose of deciding whether such order should have been entered nunc pro tunc, and, if the appeal brought up the entire case, the application, however unfounded, and whensoever made, would have the effect of a motion for a new trial filed within the time prescribed by statute.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 493–501; Dec. Dig. § 147.*]

2. JUSTICES OF THE PEACE (§ 148*)—APPEAL— DECISIONS REVIEWABLE.

When a judgment nunc pro tunc is entered by a justice of the peace, it becomes the final judgment of the court, and an appeal may be taken therefrom, and a revision of the entire proceedings had.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 502; Dec. Dig. § 148.*]

3. JUSTICES OF THE PEACE (§ 162*)—APPEAL— EFFECT.

An appeal from a judgment of the justice's court annuls the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 600, 603, 605; Dec. Dig. § 162.*]

Appeal from Bexar County Court; John H. Clark, Judge.

Action by C. L. Neese against the Southwestern Land Corporation. From a judgment of the county court dismissing an appeal from justice's court, defendant appeals. Affirmed.

Searcy & Browne, of San Antonio, for appellant.

MOURSUND, J. On November 15, 1910, C. L. Neese recovered a judgment by default in the justice's court against the Southwestern Land Corporation for $135, although there was an answer on file. On December 16, 1912, the defendant filed a motion alleging that the justice of the peace who had rendered the judgment, but was no longer in office, had, during the term at which the judg-ment was rendered, set the same aside, and granted a new trial, but such order had not been entered, wherefore defendant prayed that the same be entered nunc pro tunc as of date November 16, 1910. This motion was, on December 28, 1912, denied by the then justice of the peace after hearing evidence, to which ruling defendant excepted, and gave notice of appeal to the county court for civil cases. Appeal bond was filed December 30, 1912. The county court for civil cases dismissed the appeal for want of jurisdiction, whereupon an appeal to this court was duly perfected.

[1, 2] There is only one question to be determined upon this appeal, and that is whether the county court erred in dismissing the appeal from the justice's court for want of jurisdiction. The appeal to the county court is from an order entered two years later than the judgment, by which order the justice's court refused to enter nunc pro tunc an order setting the judgment aside. When a judgment nunc pro tunc is entered, it becomes the final judgment of the court, and an appeal may be taken therefrom, and a revision of the entire proceedings had. But this was not an appeal from a judgment entered nunc pro tunc, but from an order refusing to enter nunc pro tunc an order setting aside a final judgment. Our statutes provide two methods of securing appellate revision of a justice's court judgment; one is by certiorari, the other by an appeal. In this case no appeal was perfected within the time prescribed by article 2393, Revised Statutes 1911, nor was any writ of certiorari procured within the time prescribed by article 747.

[3] When the county court acquires appellate jurisdiction, the trial in such case is de novo. Article 1950, Revised Statutes 1911. An appeal from a judgment of the justice's court annuls the judgment. Jordan v. Moore, 65 Tex. 363; Railway Co. v. Mosty, 8 Tex. Civ. App. 330, 27 S. W. 1057; Harter v. Curry, 101 Tex. 187, 105 S. W. 988.

In this case the judgment itself was not appealed from in either of the methods prescribed by statute. If an appeal from an order refusing to enter nunc pro tunc an order setting aside a judgment carries to the county court the entire case, then an application for such an order, however unfounded, would have all the effect of a motion for new trial filed within the time prescribed by statute, and overruled during the term, although such application was filed long after the term of court expired. On the other hand, our statute does not permit the county court to entertain an appeal for the sole purpose of deciding whether an order should have been entered nunc pro tunc setting aside a final judgment of the justice's court. The county court cannot enter the order, nor can it, as an appellate court,

order the justice's court to enter the same. It is clear that the county court did not acquire jurisdiction of the case, and that the court was correct in dismissing the attempted appeal.

We have omitted to state any of the facts bearing upon the merits of the controversy whether the justice of the peace should have entered the order nunc pro tunc, because the only question for us to determine was whether the county court acquired jurisdiction by the attempted appeal.

The judgment is affirmed.