HARPER v. DAWSON. (No. 5363.)

(Court of Civil Appeals of Texas. Austin. April 22, 1914. Rehearing Denied June 3, 1914.)

1. JUSTICES OF THE PEACE (§ 166*)—JURISDICTION.

Where, on appeal to the county court from a justice of the peace, the county court dismissed the appeal because no final judgment was rendered by the justice of the peace, the dismissal left the case in the justice's court, and he could proceed to trial thereof.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 638–646; Dec. Dig. § 166.*]

2. JUSTICES OF THE PEACE (§ 162*)—APPEAL—TRIAL DE NOVO.

An appeal from a justice's court to the county court abrogates the judgment of the justice's court and puts the case in the county court for trial de novo.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 600, 603, 605; Dec. Dig. § 162.*]

3. VENUE (§ 32*) — PLEA OF PRIVILEGE — WAIVER.

Defendant, by pleading a counterclaim and going to trial without calling his plea of privilege to the attention of the court, waived it.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

Appeal from Coke County Court; G. S. Arnold, Judge.

Action by L. Dawson against F. L. Harper. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 140 S. W. 385.

R. B. Truly, of Ballinger, for appellant. S. B. Kemp, of Robert Lee, for appellee.

RICE, J. Appellee on the 11th of April, 1911, brought suit in the justice's court against appellant, where he recovered judgment from which an appeal was taken to the county court, where judgment also went in his favor, from which appellant prosecuted an appeal to this court, which was dismissed on motion of appellee for the reason that there was no final judgment entered in the county court. See Harper v. Dawson, 140 S. W. 385, for a full statement of the case.

On return of the mandate to the county court, appellee moved to dismiss the appeal

---

and withdraw the papers on the ground that no final judgment had been entered in the justice's court, which was granted. Thereafter, on the 10th of May, 1913, plaintiff in the justice's court moved for trial, which was resisted by appellant on the ground that the case was not pending in that court. This objection was overruled, and the case tried on its merits before the court without a jury, resulting in a judgment in behalf of appellee, from which an appeal was taken to the county court. On trial in that court appellant in limine presented his plea in abatement, urging that this case was not properly in the county court, for the reason that the same had been heretofore disposed of in that it had been dismissed both from the Court of Civil Appeals and the county court; but this plea was overruled and the case tried before the court without a jury, resulting in a judgment in behalf of appellee in the sum of $100.45, from which this appeal is prosecuted.

[1, 2] The first assignment urges that the court erred in failing to sustain appellant's plea in abatement. We think there is no merit in this contention. The record shows that there was no final judgment in the justice's court in that it failed to dispose of appellant's counterclaim. Without a final judgment, no appeal can be taken from the justice to the county court. See article 2391, R. S. 1911. And, in the absence of such final judgment, it becomes the duty of the county court to dismiss the appeal. See Sapp v. Anderson, 135 S. W. 1068, and authorities there cited. This dismissal left the case pending in the justice's court, and the court correctly proceeded to trial thereof. If the case had been properly appealed from the justice to the county court, and appellee had voluntarily dismissed his appeal, then appellant's contention would be correct, because the appeal, under such circumstances, abrogated the judgment of the justice's court and put the case in the county court for trial de novo, and, if it is then dismissed by plaintiff, the case would be at an end. See Bender Bros. v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395; W. U. Tel. Co. v. McKee Bros., 135 S. W. 658; Woldert Grocery Co. v. Booneville Elevator Co., 99 Tex. 581, 91 S. W. 1082; Harter v. Curry, 101 Tex. 188, 105 S. W. 988; Roberts v. McCamant, 70 Tex. 743, 8 S. W. 543. But the appeal in this case was dismissed by the county court on the ground that it had never acquired jurisdiction of the case, because there was no final judgment in the justice's court from which an appeal could be taken.

[3] We overrule appellant's second assignment of error, urging that the court erred in failing to sustain his plea of privilege, for the reason that this plea must be regarded as waived and abandoned for two reasons: First, because appellant in the justice's court on the first trial pleaded a counterclaim. See Kolp v. Schroeder, 131 S. W. 860. Besides, the record fails to show that this plea was called to the attention of the court, and therefore it must be regarded as waived.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.