**GREENFIELD et al. v. CHAS. K. HORTON, Inc., et al.**

No. 1435.

Court of Civil Appeals of Texas. Waco.

Oct. 19, 1933.

Abe Levy, of Houston, for appellants.

Sewall Myer and N. B. Brunson, both of Houston, for appellees.

GALLAGHER, Chief Justice.

J. B. Greenfield and F. W. Witt, appellants herein, sued Chas. K. Horton, Inc., F. W. Gartner and Chas. K. Horton, appellees, in the county court of Harris county, and for cause of action alleged that appellants had theretofore, in the justice court of said county, recovered a judgment against Chas. K. Horton, Inc., for the sum of $180, with interest from the date thereof at the rate of 6 per cent. per annum and all costs of suit; that said corporation appealed from said judgment to the county court; that to perfect such appeal it executed and filed its appeal bond in due form, with appellees F. W. Gartner and Chas. K. Horton as sureties; that by the terms of such bond said corporation, as principal, and the other signers thereto as sureties, bound themselves to pay to appellees the sum of $360, conditioned that said corporation should prosecute its appeal to effect and pay off and satisfy any judgment rendered against it therein; that said corporation failed to prosecute said appeal to effect, in that it permitted the same to be dismissed for want of prosecution; that appellees thereupon became liable and bound to pay appellants the said sum of $360, as stipulated in said bond, but had wholly failed to do so, to appellants' damage in the sum of $500. Appellants prayed for judgment against appellees, jointly and severally, for their damages and costs of suit.

Appellees presented a general demurrer to appellants' petition, and same was sustained by the court. Appellants declined to amend, and the court dismissed their suit.

### Opinion.

Appellants present a single assignment of error, in which they assail the action of the court in sustaining appellees' general demurrer to their petition. They contend thereunder that, when a judgment is rendered against the defendant in a suit in the justice court, and such defendant appeals therefrom to the county court and gives an appeal bond in statutory form, and thereafter permits such appeal to be dismissed for want of prosecution, such dismissal constitutes a breach of the condition of such bond, requiring such defendant to prosecute his appeal to effect, and that a cause of action in favor of the payee therein against the signers thereof accrues. There is an essential difference between an appeal on a supersedeas

bond from a county or district court to the Court of Civil Appeals and such an appeal from a justice to a county court. When an appeal from a judgment of a county or district court to the Court of Civil Appeals is perfected by giving a supersedeas bond, such appeal merely suspends the execution of the judgment during its pendency, and, when an order dismissing such appeal becomes final, the judgment of the trial court becomes effective according to its terms, and a cause of action on the bond for any damages sustained by such appeal accrues. 3 Tex. Jur. p. 1353, § 952, and authorities cited in notes thereto. When an appeal from a judgment of a justice court to the county court is perfected in the manner required by law, such appeal vacates and annuls the judgment appealed from, and the cause of action asserted stands for trial de novo in the county court, and the burden is on the plaintiff in the case to obtain a new judgment. Bender Bros. v. Lockett, 64 Tex. 566, 567, 568; Moore v. Jordan, 65 Tex. 395 et seq.; Woldert Grocery Co. v. Booneville Elevator Co., 99 Tex. 581, 583, 91 S. W. 1082; Harter v. Curry, 101 Tex. 187, 188, 189, 105 S. W. 988; Roberts v. McCamant, 70 Tex. 743, 744, 8 S. W. 543. After the county court has by proper procedure become lawfully invested with jurisdiction of the cause, a subsequent dismissal either of the cause or of such appeal is ineffective to revitalize the judgment of the justice court. Such judgment will not thereafter support an execution nor constitute a bar to another suit on the same cause of action. See, in addition to the authorities above cited, Western Union Telegraph Co. v. McKee Bros. (Tex. Civ. App.) 135 S. W. 658, 659; Campbell v. Knox (Tex. Civ. App.) 52 S.W.(2d) 803, 805, par. 2, and authorities there cited. We quote from Western Union Telegraph Co. v. McKee Bros., supra, as follows:

"Some confusion may appear to arise from the indiscriminating use of the phrases 'dismissal of the appeal' and 'dismissal of the cause' in some of these decisions, but, so far as concerns the result of the appeal upon the judgment of the justice court, there can be no difference whether the cause or the appeal is dismissed. * * * Of course, the county court could not properly dismiss the appeal for failure of appellant to appear at the trial. He had prosecuted his appeal with effect as required by the conditions of the appeal bond by taking the proper steps to take the case into the county court for trial de novo. Thereafter he stood as a defendant, and the case stood, so far as concerned the rights of the parties, as though it had been originally brought in the county court. Appellees should have prosecuted their claim to judgment in the county court."

■■ Appellants cite and stress the case of Wooldridge v. Rawlings (Tex. Sup.) 14 S. W. 667. The published opinion in that case shows that the same was referred to the Commission of Appeals by consent of the parties, under the provisions of section 2 of chapter 95 of the General Laws-passed by the Twentieth Legislature at its regular session in 1887. Section 3 of the same act provided that the commission should report its conclusion or award to the Supreme Court in such cases, and that such conclusion or award should be and become the judgment of the Supreme Court. Section 4 of such act further provided that the opinions of the commission in such cases should not be published in the reports of the decisions of the Supreme Court nor have any further or other effect than to determine the particular cause wherein rendered, and should have no force, effect, or authority as precedents in other cases. Since that opinion was never adopted by the Supreme Court, any conflict, real or apparent, between the same and the opinions in the cases above cited must be solved in favor of the holding in the latter cases. State v. O'Connor, 96 Tex. 484, 489, 73 S. W. 1041. Appellee Chas. K. Horton, Inc., having perfected its appeal from the judgment rendered against it in the justice court, and thereby procured the transfer of the cause to the county court for trial de novo, such judgment was thereby annulled and vacated. Under the rule announced in the authorities above cited, this action on its part constituted the prosecution of its appeal to effect. Appellants neither sought nor obtained a judgment for any amount against it in the county court, but permitted the case to be dismissed from the docket. No cause of action on the bond sued on arose in their favor by reason of such dismissal.

The judgment of the trial court is affirmed.