## BIRMINGHAM v. SHAMROCK MOTOR CO.
### No. 1319. .

Court of Civil Appeals of Texas. Eastland. Sept. 28, 1934.

Bouldin & Bouldin, of Mineral Wells, for appellant.

McFarlane & McFarlane, of Graham, for appellee.

LESLIE, Justice.

S. S. Bates and R. L. Cornish, as the Shamrock Motor Company, a partnership of Graham, Tex., sued R. E. King and Jack Birmingham in a justice court of Young county. King filed no answer, but Birmingham answered by plea to the jurisdiction, general denial, etc. Judgment was rendered against each of the defendants. The case was appealed to the county court of Young county, and a trial there resulted in a judgment against Birmingham for the sum of $92.50, from which that defendant appeals.

The judgment in the county court in part reads as follows: "The court, after hearing the testimony in the cause and the argument of counsel, finds that this cause was tried in the Justice Court of Precinct No. 1, of Young County, Texas, and that a judgment was rendered against R. E. King and this defendant Jack Birmingham therein for different amounts. That R. E. King did not appeal therefrom, but that this defendant Jack Birmingham did appeal and gave a supersedeas bond * * * so that R. E. King is not a party to the suit in this cause in this court."

The court then proceeded to award the plaintiff judgment against Birmingham in the sum of $92.50. Upon this record this appeal must be dismissed. No final judgment in the cause was rendered in the county court. The trial and judgment there took no notice of R. E. King as a party to the suit.

A trial de novo in the county court results when an appeal is taken from the judgment of the justice court. The parties occupy the same position in the county court as in the justice court, and the case must be tried de novo. Article 5, § 16, Const. of Texas; article 2178, R. S. 1925.

An appeal by one party to a suit in a justice court operates as an appeal of the entire case and nullifies the judgment in its entirety, though another party fails to perfect his appeal. Moore v. Jordan, 65 Tex. 395; Ingraham v. Rudolph, 55 Tex. Civ. App.

609, 119 S. W. 906; Harper v. Dawson (Tex. Civ. App.) 167 S. W. 311; Lasater v. Streetman (Tex. Civ. App.) 154 S. W. 657; Southwestern Land Corp. v. Neese (Tex. Civ. App.) 161 S. W. 1090; Martin v. Butner, 54 Tex. Civ. App. 223, 117 S. W. 442.

■ The judgment of the county court failing to dispose of the defendant R. E. King is not such a final judgment as will support an appeal to this court. The appeal is therefore dismissed.