

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00090-CV
_____

MELISSA HAWTHORNE, Appellant

V.

RUSSELL DAHIR, Appellee

On Appeal from the County Court at Law
Delta County, Texas
Trial Court No. 1828

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Melissa Hawthorne has filed an appeal from the dismissal of an eviction suit against her in a constitutional county court.[1] *See* TEX. PROP. CODE ANN. § 24.007 (Vernon 2000); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006) (lack of possession does not render the appeal moot). Hawthorne is pro se on appeal to this Court and raises six issues. Russell Dahir has failed to file a brief and we, therefore, submitted the case on the appellant's brief alone.

Dahir, Hawthorne's landlord, brought a forcible detainer action in justice court against Hawthorne, alleging a failure to pay rent. Hawthorne filed an answer, alleging that Dahir breached the implied warranty of habitability excusing her from paying rent. Hawthorne failed to appear for trial in the justice court and the justice court granted Dahir a default judgment, including an award of damages. Hawthorne then perfected an "appeal" to county court by filing a notice of appeal and an affidavit of indigency in lieu of an appeal bond pursuant to Rule 749c of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 749c. In the county court, Hawthorne again failed to appear for trial. *See* TEX. R. CIV. P. 753 ("cause shall be subject to trial at any time after the expiration of eight full days after the date the transcript is filed"). In its final judgment, the county court held "the appeal is dismissed for want of prosecution."

---

[1]We note some of the documents in the record, including the judgment, are titled "County Court at Law." A "county court at law" is a statutory county court created by an act of the Texas Legislature. *Sultan v. Mathew*, 178 S.W.3d 747, 753 n.2 (Tex. 2005) (Hecht, J., dissenting). We take judicial notice that this is an appeal from the constitutional county court of Delta County.

An "appeal" to county court has significant differences from an appeal in an appellate court. The use of the term "appeal" can be confusing to a layman. An "appeal" to a county court is not a review of the justice court's proceeding—it is a trial de novo. "When an appeal is taken from a justice court to a county court at law or a county court . . . the county court hears the matters de novo; that is, when the case is heard in the county court, there is to be a new trial on the entire case, on both questions of fact and issues of law, conducted as if there had been no trial in the first instance." *State v. Jones*, 220 S.W.3d 604, 607 (Tex. App.—Texarkana 2007, no pet.).

When Hawthorne perfected her appeal to county court, the judgment of the justice court was vacated by operation of law. "[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court." *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see Harter v. Curry*, 101 Tex. 187, 188, 105 S.W. 988 (1907). We note the trial court's judgment specifically provides that "[t]he original order of the Justice court is reinstated" and that Dahir is to "receive possession under the previous Justice court order." The county court appears to have erroneously assumed that a dismissal of the county court case would reinstate the justice court judgment. "A county court cannot affirm or reverse the judgment of the justice court nor can it remand the cause to the justice court," and "[o]nce a county court acquires jurisdiction by perfection of an appeal from justice court, the rules of procedure permit only that the county court try the case de novo or dismiss it if it is not prosecuted." *Villalon*, 176 S.W.3d at 70. Thus, to the extent the county court's

3

judgment attempts to reinstate the justice court's judgment, the county court lacked authority to make such ruling.

On appeal, Hawthorne requests we "reverse the judgment against Hawthorne and dismiss the case against her." Without intending to, the county court granted Hawthorne the relief she has now requested on appeal. When Hawthorne failed to appear at trial, the trial court could have granted Dahir a post-answer default judgment.[2] The county court, however, dismissed the lawsuit. Because the county court dismissed the lawsuit and the justice court's opinion had been vacated, there is no valid judgment determining the right to possession of the premises or awarding damages to Dahir. Unwittingly, the county court has granted Hawthorne the relief she requests on appeal. As such, Hawthorne's appeal is moot. Any opinion addressing the issues raised by Hawthorne on appeal would be advisory, which is forbidden by the Texas Constitution. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000); *see also Marshall*, 198 S.W.3d at 785.

---

[2]Hawthorne filed an answer in justice court and several motions in the county court. "[T]he written pleadings of record in the justice court will generally constitute an appearance by the respective parties of record in the county court." *Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *cf. Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992); *see* TEX. R. CIV. P. 753. When a defendant, who has filed an answer, fails to appear for trial, the plaintiff may obtain a post-answer default judgment against that defendant. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (A post-answer default judgment "cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial."); *Raines v. Gomez*, 143 S.W.3d 867, 868 (Tex. App.—Texarkana 2004, no pet.).

4

We dismiss Hawthorne's appeal as moot.


Bailey C. Moseley
Justice

Date Submitted:    April 28, 2008
Date Decided:      May 13, 2008