# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00207-CV

**J. Stephen Spencer, Appellant**

**v.**

**Jonathan M. Gilbert, Appellee**

### FROM COUNTY COURT OF BLANCO COUNTY
### NO. 402, HONORABLE BILL GUTHRIE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J. Stephen Spencer appeals the trial court's judgment in a trial de novo review of a judgment by the justice court in a forcible entry and detainer case. The trial court found that lessor Jonathan M. Gilbert was entitled to possession of the house, and also ordered lessee Spencer to pay Gilbert monetary damages suffered during Spencer's withholding of the premises before judgment and pending appellate review. Because Spencer has vacated the premises, there is no controversy regarding possession of the property. Without addressing moot issues, we affirm the judgment.

Gilbert filed this forcible entry and detainer action in September 2008 to evict Spencer, his tenant. Midway through trial at the justice court, Spencer sought to recuse Justice of the Peace Terry Carter. JP Carter allegedly consulted with Justice of the Peace H.R. Riley in Blanco County concerning his availability to hear the case, then recused himself, and referred the case to JP Riley. After Spencer pointed out that recusal strips judges of their power over the case,

JP Carter signed a new order that simply recused himself. JP Riley held a trial in November 2008, finding that Gilbert had the right to possession and ordering that Gilbert recover $4,650 from Spencer as rent. Spencer filed a notice of appeal.

After a trial de novo in the county court—held on February 3, 2009, without Spencer's presence because, he asserts in his brief, he was unable to attend due to inclement weather while he was on business out of state—the county court awarded possession to Gilbert and ordered that Gilbert recover $9,300 from Spencer as damages for his withholding of the property, plus $200 in late fees. The county court also ordered Spencer to pay $1,550 for each additional month he retained possession of the house beyond February 2009. Spencer appealed.[1] Meanwhile, the lease expired. Spencer vacated the premises on September 18, 2009.

Spencer alleges that, because he has vacated the premises, there is no longer a controversy, this case is moot, and we must vacate the trial court judgment and dismiss this appeal. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). In *Marshall*, the evicted tenant sought to continue her appeal even after she lost any claim to current possession, arguing that her claim for the fair market value of her lost leasehold interest kept the case alive. *Id.* at 788. The supreme court held that because her claims did not authorize recovery within a forcible entry and detainer action, their existence did not present a controversy preventing dismissal of the forcible detainer case as moot. *Id.* In this case, by contrast, the rules of procedure governing forcible entry and detainer actions expressly authorize recovery of damages as follows:

---

[1] He initially appealed to the district court, which dismissed for want of jurisdiction. He appealed that dismissal to this Court. We dismissed that appeal. *See Spencer v. Gilbert*, No. 03-09-00216-CV (Tex. App.—Austin Nov. 10, 2009, no pet.) (mem. op.).

2

> On the trial of the cause in the county court the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal.
>
> Damages may include but are not limited to loss of rentals during the pendency of the appeal and reasonable attorney fees in the justice and county courts provided, as to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met.

Tex. R. Civ. P. 752. The damages portion of the case is not moot. Gilbert has shown a continued interest in collecting the money awarded to him, including in his appellate brief.[2] Because Spencer has not conceded on the question of the award of damages to Gilbert—instead, he seeks to have it vacated—the controversy over the monetary damage award persists and is not moot.

Spencer contends that, because of procedural irregularities following JP Carter's recusal, no other court ever had jurisdiction and every subsequent order is void. He argues that any action JP Carter took after recusing himself, including referring the case to JP Riley, was void. *See* Tex. R. Civ. P. 18a, 523; *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.). The rules of procedure for district and county courts "also govern the justice courts, insofar as they can be applied." Tex. R. Civ. P. 523. The rules prescribe that a judge who recuses himself "shall request the presiding judge of the administrative judicial district to

---

[2] Spencer argues that Gilbert's brief must be struck as noncompliant with appellate rules. We decline to strike the brief. We note that, unlike an appellant's failure to file a brief, *see* Tex. R. App. P. 38.8, even an appellee's outright failure to file a brief has no consequence set by rule except that failure to controvert a statement of fact will lead to the statement of fact being taken as true. Tex. R. App. P. 38.1(g). An appellee's failure to contradict issues presented does not lead to concession of error through some sort of appellate default judgment. *See Dillard's, Inc. v. Newman*, 299 S.W.3d 144, 147 (Tex. App.—Amarillo 2008, pet. denied); *San Antonio Villa Del Sol Homeowners Ass'n v. Miller*, 761 S.W.2d 460, 462 (Tex. App.—San Antonio 1988, no writ).

3

assign another judge to sit, and . . . shall take no further action in the case except for good cause stated in the order in which such action is taken." Tex. R. Civ. P. 18a(c). The clerk's record contains a letter in which JP Carter states that, after his recusal, he contacted the administrative judge for the region, who declined to assign a judge. The government code provides that, "[i]f the office of justice of the peace is vacant in a precinct or if the justice is absent or unable or unwilling to perform his duties, the nearest justice in the county may temporarily perform the duties of the office." Tex. Gov't Code Ann. § 27.052 (West 2004). We take judicial notice of public information relating to Blanco County. There are two justices of the peace in Blanco County—JP Carter and JP Riley. Thus, when JP Carter recused himself in response to Spencer's motion, he became unable to perform his duties, and the nearest—and only—justice of the peace in the county temporarily performed his duties. Regardless of whether JP Carter's "referral" to JP Riley was effective or void, JP Riley had the power to hear the case and was the only JP in Blanco County available to hear the case. Spencer does not complain on appeal of any errors by JP Riley other than exercising jurisdiction.[3] JP Riley's orders, the county court's orders on de novo review, and this Court's review were not rendered without jurisdiction or void by any errors committed by JP Carter in his attempt to refer or transfer the case following his recusal.

Spencer contends that Gilbert lacked standing to pursue this forcible entry and detainer action because he accepted rent checks. To show standing, a plaintiff must demonstrate he

---

[3] It appears that any errors by JP Riley would have been rendered harmless by the appeal to the county court for trial de novo. *See In re Garza*, 990 S.W.2d 372, 374 (Tex. App.—Corpus Christi 1999, orig. proceeding); *Greenfield v. Chas. K. Horton, Inc.*, 64 S.W.2d 369, 370 (Tex. Civ. App.—Waco 1933, no writ); *see also Roberts v. McCamant*, 8 S.W. 543, 543-44 (Tex. 1888).

possesses an interest in the controversy distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury. *Williams v. Lara*, 52 S.W.3d 171, 178-79 (Tex. 2001). Standing limits a court's subject matter jurisdiction to those cases that involve a distinct injury to the plaintiff and a real controversy between the parties that will be decided by the suit. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001). A landlord's acceptance of rent checks does not waive his right to evict his tenant and exercise possession of the property if the landlord continues to take steps to evict the tenant. *Estes v. Wilson*, 682 S.W.2d 711, 714 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.). Gilbert alleged that he was the landlord of the property and Spencer was his tenant. He alleged that Spencer breached the lease, among other means, by keeping dogs on the premises in violation of the lease's prohibition of pets and by failing to pay required late fees despite notice. Gilbert articulated a right to possession and controversies regarding his exercise of that right. Spencer does not explain, much less show support in the record, for the proposition that Gilbert's mere acceptance of some rent checks while Spencer withheld possession from Gilbert resolved the controversies or deprived Gilbert of the right to possess or pursue possession of the property based on Spencer's breach of the lease. Gilbert showed standing to seek possession of his property and unpaid rent.

Spencer asserts that the county court erred by failing to sustain his affirmative defenses. He also asserts that the evidence is legally and factually insufficient to support the county court's judgment. There is no reporter's record in the file despite correspondence among Spencer, the reporter, and this Court's clerk regarding responsibility for preparation of the record and arrangements to pay for the record. *See* Tex. R. App. P. 35.3(b). Spencer chose to file his brief and have the case submitted without the reporter's record. In the absence of a reporter's record,

5

we must presume that the record supports the county court's decisions. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The amounts of damages awarded are consistent with and do not exceed amounts of rent accruing based on the rental rate listed in the lease filed in the clerk's record as part of the justice court record, the date Gilbert filed suit seeking possession, and the date Spencer states he vacated the premises. Spencer has not presented a record showing error.

Although there is no longer a controversy regarding which party has the superior right to possession, we decline to vacate the portions of the judgment resolving that dispute because they relate to the continuing controversy regarding damages awarded to Gilbert from Spencer for Spencer's withholding of the premises. We do not review the propriety of the trial court's judgment regarding possession of the property. We conclude that Spencer has not demonstrated error requiring reversal of the remainder of the judgment.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 4, 2010

6