Reynolds *et al. v.* Shults *et al.*

Judgment affirmed.

Filed Jan. 6, 1886; petition for a rehearing dismissed April 23, 1886; motion to reinstate overruled May 12, 1886.

———————◆———————

No. 12,541.

REYNOLDS ET AL. *v.* SHULTS ET AL.

HIGHWAY.—*Location of.*—*Practice on Appeal from County Board.*—Upon an appeal from an order of the county board, in a proceeding for the location of a public highway, to the circuit court of the county, the cause must be tried *de novo;* that is, all questions in issue before the county board, on such appeal, must be tried anew in the circuit court.

SAME.—*Public Utility.*—*Damages.*—*Trial of Issues.*—*Costs, How Apportioned.* —Where, on remonstrance by a land-owner against the public utility of the road, and also on account of damages, there is a finding and judgment in favor of the public utility of the proposed road, and assessing the remonstrant's damages, the costs follow the issues, and should be apportioned as provided in section 594, R. S. 1881.

From the Porter Circuit Court.

*E. D. Crumpacker* and *A. D. Bartholomew*, for appellants. *A. L. Jones* and *F. P. Jones*, for appellees.

HOWK, J.—This suit or proceeding was instituted by appellants, Reynolds and others, before the board of commissioners of Porter county, to obtain the location and opening of a certain public highway, in such county. Upon the presentation of their petition and proof of proper notice, viewers

were appointed by the county board to view and locate the proposed highway; and thereafter such viewers reported to the board in favor of the location and opening of such high-way, and that it would be of public utility.    Thereupon the appellee John Shults appeared and filed before the county board his written remonstrance against the location and open-ing of the proposed highway, upon two grounds, namely:  1. Such highway was and would be of no public utility; and, 2.  Remonstrant Shults would sustain damages, by the open-ing and location of the proposed public highway, in the sum of $1,000, in that it would appropriate one and one-half acres of his land, and he would be compelled thereby to build and maintain two hundred and forty rods of additional fences, etc.    Upon this remonstrance, the county board ap-pointed reviewers of such proposed highway, and ordered them to determine first upon the public utility of such high-way, and, if they found it was or would be of public utility, to ascertain and assess the damages which appellee Shults would sustain by the location and opening of the proposed highway.    Afterwards, the reviewers reported to the county board that they were of the opinion that such highway " would not be of public utility," and, of course, their report was entirely silent upon the question of the damages of the remonstrant, Shults.    Thereupon the board confirmed the reviewers' report, and accordingly ordered that the proposed public highway should not be established.

From this order of the county board, the suit or proceed-ing was taken by appeal by the petitioners for the proposed public highway, Reynolds and others, to the circuit court of Porter county.    There the cause was tried by a jury, and a verdict was returned as follows:  " We, the jury, find for the plaintiffs that the proposed highway is of public utility, and we find for the defendant Shults, and assess his damages at four hundred dollars, and we find for the defendant Fish, and assess her damages at one hundred dollars."    Upon this verdict, the court adjudged that the public highway, for the

location of which the appellants prayed in their petition herein (describing the same), was and would be of public utility; that appellee Shults would be damaged by the location and opening of such highway in the sum of $400, and that appellee Louise Fish would be damaged by such highway in the sum of $100, to which judgments as to damages appellants at the time excepted. It was further adjudged by the court, that the cause be remanded to the county board to locate such proposed highway and pay such damages, if the board should consider such highway to be of sufficient importance to the public. It was also adjudged, that appellants recover of appellee Shults their costs on the issue as to the public utility of the proposed highway, and that appellee Shults recover of appellants his costs on the issue as to his damages by reason of the location of such highway, to which latter judgment appellants at the time excepted. Appellants' motion for judgment for all their costs against appellee Shults, and their motion to modify the judgment, were overruled by the court, and they excepted and filed their bill of exceptions.

A number of errors have been assigned by appellants upon the record of this cause. Without setting out these errors, we will consider and decide such questions as seem to us to be fairly presented thereby, and to be properly saved in the record.

In their brief of this cause, appellants' counsel very earnestly insist that the judgments below, either for damages or for costs, are erroneous and can not be sustained. If counsel are right in their position, as to the judgments for damages, they are necessarily right as to the judgment for costs, because if, from any cause shown by the record, appellees were not entitled to recover their damages, caused or occasioned by the location and opening of the proposed highway, the legal sequence must be, we think, that they were not entitled to recover their costs. The converse of this is equally true, that is, if appellees' judgments for the recovery of their damages are free from error, it follows of necessity, as it

seems to us, that their judgment for costs is also free from error.

"Appellants contend," say their counsel in argument, "that the trial court had no authority to determine and fix the appellees' damages, on account of the location of the highway, but should have remanded the proceedings to the commissioners, with instructions for them to appoint reviewers, as the law provides, to assess such damages. Proceedings to establish highways are special and purely statutory, and the statute must be substantially pursued. When the law provides a mode for ascertaining damages in such cases, such mode is exclusive of all other remedies or proceedings."

This quotation from the brief of appellants' counsel presents the only point upon which a reversal of the judgment below could possibly or reasonably be asked for, and the only argument which tends even remotely to sustain the point so presented. We are of opinion, however, that the point in question is not well made and is not sustained by reason or authority, and that the argument of counsel in support of their position, as applied to this case, is unsound and in conflict with our decisions. In *Schmied* v. *Keeney*, 72 Ind. 309, it was held, as we have uniformly held, both before and since, that upon an appeal from an order of the county board, in a proceeding for the location of a public highway, to the circuit court of the county, the cause must be tried *de novo;* that is, all questions in issue before the county board, on such appeal, must be tried anew in the circuit court. The court there said: "Where a remonstrance is filed by the owner of lands, * * * either against the public utility of the proposed highway, or on account of the damages he will sustain by reason of the * * * establishment of such highway, such remonstrance constitutes an answer to the petition, and tenders an issue which must be examined by the commissioners, and must be tried on an appeal to the circuit court. Where such land-owner remonstrates against the public

utility of the road, and also on account of the damages, two issues are presented which must be tried in the circuit court on an appeal from proceedings to establish the highway."

The doctrine thus declared is supported by many cases in our reports, and is decisive, we think, of the controlling questions in the case under consideration, adversely to the position of appellants' counsel. *Coyner* v. *Boyd*, 55 Ind. 166; *Scraper* v. *Pipes*, 59 Ind. 158; *Bowers* v. *Snyder*, 66 Ind. 340; *Grimwood* v. *Macke*, 79 Ind. 100; *Fleming* v. *Hight*, 95 Ind. 78; *Washington Ice Co.* v. *Lay*, 103 Ind. 48.

As we have already seen, appellee Shults tendered, by his remonstrance, two issues for determination by the county board, and, upon appeal, by the circuit court, namely: 1. As to the utility of the proposed highway; and, 2. As to the amount of damages he would sustain by the location and opening of such highway. The record of this suit also shows that, while appellants' petition was yet pending before the county board and undetermined, appellee Louise Fish filed her remonstrance against such highway before the county board, tendering an issue as to the damages she would sustain by the location and opening of such highway. All these issues were pending in the cause when the petitioners for the highway appealed from the action of the county board to the circuit court of the county. There, under our statute, the appeal stood for trial as an original cause. Section 5777, R. S. 1881. There, all the issues in the cause, as well to damages as to the utility of the proposed highway, appear to have been submitted to the jury for trial, without any objection on the part of appellants or of any one else, so far as the record discloses. There was no motion for a new trial, and the evidence is not in the record. There was no error in the submission of the issues as to appellees' damages to the jury for trial.

The judgments of the trial court for costs, upon the several issues in the case, conformed strictly to the requirements

of section 594, R. S. 1881, and, of course, are not erroneous. *Jamieson* v. *Board, etc.,* 56 Ind. 466.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

