CITY OF GRAND RAPIDS, Appellant, vs. BOGOGER and wife, Respondents.

*January 13—February 1, 1910.*

*Municipal corporations: Condemnation of land for street: Confirmation of assessment: Right to appeal: Reduction of award: Acceptance: Waiver.*

1. By confirming, pursuant to sec. 925—166, Stats. (1898), an assessment of damages by reason of the condemnation of land for a street, a city waives the objection that the award is excessive, and is therefore not a "party aggrieved" by such assessment, within the meaning of sec. 925—177, and cannot appeal therefrom.

2. Upon appeal by the landowner from such an assessment the award cannot be reduced, and acceptance, pending the appeal, of the amount awarded is not a waiver of the right to prosecute the appeal.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Geo. L. Williams,* attorney, and *Glenn H. Williams,* of counsel. They cited, among other cases, *Pulling v. Columbia Co.*

3 Wis. 337; *Fiedler v. Howard,* 99 Wis. 388, 75 N. W. 163; *Sharp v. Mauston,* 92 Wis. 629, 66 N. W. 803; *Price v. Grzyll,* 133 Wis. 623, 114 N. W. 100; *Drake v. Scheunemann,* 103 Wis. 458, 79 N. W. 749.

*D. I. Sicklesteel,* for the respondents, cited *Alft v. Clintonville,* 126 Wis. 334, 105 N. W. 561; *Haas v. Powers,* 130 Wis. 406, 110 N. W. 205.

TIMLIN, J. The city of *Grand Rapids,* acting under secs. 925—155 and 925—171, Stats. (1898), condemned a strip of land owned by the respondents and twenty feet in width for the purpose of widening an existing street. The common council confirmed an award of damages in the sum of $4,500 in excess of benefits. The respondents, being dissatisfied, appealed from this confirmation of the award to the circuit court. Pending this appeal they accepted a city order for $4,500 tendered by the city, and surrendered up possession of the twenty-foot strip. The appeal was taken on October 15, 1908, and the tender by the appellant and acceptance of the money by respondents and the surrender of possession was on May 19, 1909, while the appeal was pending and before it came to trial.

The appellant relies on *Pulling v. Columbia Co.* 3 Wis. 337, in support of the proposition that by the acceptance of this sum respondents waived further right to prosecute the appeal. The appellant's counsel is correct in this contention if, upon the appeal pending, the circuit court could have reduced the award so confirmed below $4,500. The respondents rely on the case of *Fiedler v. Howard,* 99 Wis. 388, 75 N. W. 163, in support of their right to accept the $4,500 and prosecute their appeal for the remainder of their damages, if any. The respondents are right if the circuit court on this appeal had no power to reduce the compensation and damages of the respondents below $4,500. Whether the award could be reduced on appeal is therefore the question for consideration.

The appraisal and award is in the first instance made by

the board of public works. After a sentence of condemnation, which merely finds that it is necessary to condemn the real estate in question for public use, the common council of the city is authorized to adopt a resolution directing the board of public works to make an assessment of damages by reason of such condemnation. "When such assessment shall have been made and reported to the council that body may, by resolution, confirm the same or refer the matter back to the board for a new assessment or may, by resolution, abandon the condemnation proceeding." Sec. 925—166, Stats. (1898). The city at this stage of the proceedings exercises its right to reject the award of the board of public works if it considers that award excessive. By proceeding to confirm that award the city waives such objection. The city is therefore not a party aggrieved by an assessment of the board of public works which it has confirmed. Sec. 925—171, Stats. (1898), provides that any party aggrieved by any assessment of damages may appeal to the circuit court therefrom within the time, in the manner, and upon the security prescribed on appeals from assessment of benefits and damages on account of public improvements. The amount recovered by the appellant properly applicable in reduction of his special assessment for benefits, or the amount recovered by way of increase of damages, or for damages where none have been awarded, shall be paid by the city out of the proper fund. No provision is made for any reduction of the award of damages confirmed by the city, although it is provided that such appeal shall not affect any special tax levied on account of an excess of benefits over damages. Unless the city is a party aggrieved by an award by the board of public works which it has accepted and confirmed there is no right of appeal given to the city. This view is confirmed by the fact that the statute provides what shall be done in case of an increase of the damages, but makes no provision for the case of a reduction. In case the benefit exceeded the damages a reduction of the damages on appeal

would be unavailing unless the benefit tax could be readjusted. But the statute declares this shall not be affected by the appeal.

The only question for trial on the appeal was, therefore, what damages, if any, the plaintiff was entitled to over and above those confirmed by the city council. Under such circumstances the acceptance of the city order for $4,500, the amount of the award confirmed by the council, did not waive the right of appeal.

*By the Court.*—Judgment of the circuit court affirmed.