GROTH, Respondent, vs. MILWAUKEE NORTHERN RAILWAY COMPANY, Appellant.

*October 7—October 25, 1910.*

*Railroads: Condemnation of land: Payment of award into court: Withdrawal by landowner: Right to appeal: Waiver of objection: Laches: Estoppel: Discretion.*

1. Whether if the amount awarded to a landowner in proceedings to condemn his land for railroad purposes is paid into court pursuant to sec. 1850, Stats. (1898), and is withdrawn by the landowner within the time limited for appealing and before the railroad company has taken possession of the land, and the company subsequently takes possession and does not appeal, such withdrawal bars the right of the landowner afterwards to prosecute an appeal from the award, not determined.

2. Where after such a withdrawal of the money by the landowner he appealed from the award, and no suggestion that he had lost his right to appeal was made until upon a second trial, after the appeal had been pending for a long time and the appellant had incurred much expense upon the faith of such remedy being open to him, and the railroad company then asked leave to plead the withdrawal as a supplementary defense, the company was estopped by its delay from insisting on such defense, or at least the court might properly, in its discretion, refuse to permit the defense to be so brought in.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

May 25, 1906, the defendant corporation duly commenced proceedings under ch. 87, Stats. (1898), to acquire title to real estate owned by plaintiff and others. Such occurrences duly took place thereafter that October 20, 1906, the report of the commissioners was filed, awarding plaintiff $1,300. The corporation thereupon deposited the amount of the award in court for plaintiff's use and he promptly withdrew the same, the defendant not having yet taken possession of the land. After such withdrawal he appealed from the decision of the commissioners. Defendant did not appeal. It took possession of the property and has ever since been in the enjoyment thereof. The case was not brought to a final trial on the appeal till March, 1910, there having been in the meantime many terms of court in the county where the appeal was pending. There was a trial in September, 1908, resulting in a verdict in plaintiff's favor for $2,100. No claim was made upon such trial that plaintiff had lost his appeal remedy by reason of having withdrawn the money as before indicated. The verdict was set aside and a new trial granted. Such new trial took place March 2, 1910. In the midst of the second trial for the first time, defendant claimed that plaintiff waived his appeal remedy and effectually settled the controversy by withdrawing the money, and moved the court without presenting any affidavit of merits, or any affidavit excusing the long neglect to insist upon the alleged defense, for leave to plead the withdrawal in bar of plaintiff's claim. The second trial resulted in a verdict in plaintiff's favor for $2,300. Judgment was, in due form, entered thereon.

For the appellant there was a brief by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *C. E. Monroe.* They contended, *inter alia,* that where the amount of a claim is in dispute the payment by one party and the acceptance by the other of a sum of money offered in settlement constitute

an accord and satisfaction and furnish a complete defense to
an action upon the claim.   *Kercheval v. Doty,* 31 Wis. 476;
*Harris v. Kennedy,* 48 Wis. 500; *Zimmer v. Becker,* 66 Wis.
527; *Galusha v. Sherman,* 105 Wis. 263, 268.   This prin-
ciple has been expressly declared applicable to cases where
an appeal has been taken from an award of a board or judg-
ment of a court, and, either pending the appeal or prior to
taking it, the appellant has accepted payment of the amount
of the award or judgment or otherwise taken the benefit of its·
conditions.   *Pulling v. Columbia Co.* 3 Wis. 337 (payment
after appeal); *Cogswell v. Colley,* 22 Wis. 399 (payment be-
fore appeal); *Webster-Glover L. & Mfg. Co. v. St. Croix Co.*
71 Wis. 317, 319 (before appeal); *Price v. Grzyll,* 133 Wis.
623 (before appeal).   The payment or settlement of a claim
in litigation extinguishes the right of action and deprives the
trial court of jurisdiction to proceed any further in the case,
or to make any other order than one dismissing the action.
Any other order or judgment will be reversed on appeal.
*Geiser T. M. Co. v. Smith,* 36 Wis. 295, 297; *Two Rivers
Mfg. Co. v. Beyer,* 74 Wis. 210, 213, 217, 221; *Williams v.
Williams,* 117 Wis. 125; *Dr. Shoop F. M. Co. v. Schowalter,*
120 Wis. 663, 667; *Hayes Co. v. Wileman,* 82 Neb. 669, 118
N. W. 478, 480; *Henk v. Baumann,* 100 Wis. 28; *Plano Mfg.
Co. v. Rasey,* 69 Wis. 246, 251.   The payment or settlement
of a claim after judgment is a waiver of the right of appeal,
and such appeal will be dismissed by the court whenever the
facts are brought to its notice.   In such a case the court will
dismiss the appeal of its own motion, even against the protest
of both parties.   *Cogswell v. Colley,* 22 Wis. 399; *Webster-
Glover L. & Mfg. Co. v. St. Croix Co.* 71 Wis. 317; *Hogan v.
La Crosse,* 104 Wis. 106; *Lamoreux v. Williams,* 125 Wis.
543; *Price v. Grzyll,* 133 Wis. 623, 627; *Little v. Bowers,*
134 U. S. 547, 558; *California v. S. P. & T. R. Co.* 149 U.
S. 308; *Mills v. Green,* 159 U. S. 651.

For the respondent there was a brief by *Henry J. Killilea*

and *William F. Schanen,* and oral argument by *Mr. Killilea.* They argued, among other things, that the filing of the award and payment of the money vested the title and exclusive use of the premises in the appellant, subject to the amount of the award being increased. *Jeffery v. C. & M. E. R. Co.* 138 Wis. 1; *West v. M., L. S. & W. R. Co.* 56 Wis. 318, 323; *Uniacke v. C., M. & St. P. R. Co.* 67 Wis. 108, 112; *Neilson v. C. & N. W. R. Co.* 91 Wis. 557, 559. The railway company having paid the money is in possession, and has no further interest in the money paid into court, the same being at the absolute disposal of the plaintiff unless the railway company appeals, which it did not in the case at bar. *Weyer v. M. & L. W. R. Co.* 57 Wis. 329; *Stolze v. M. & L. W. R. Co.* 113 Wis. 44. The defendant having no further interest in the disposition of the fund after paying it to the plaintiff or depositing it in court, the retention of it by the plaintiff, or withdrawing the same from court, can in no way affect his right to appeal. *Grand Rapids v. Bogoger,* 141 Wis. 530.

MARSHALL, J. The first question presented is this: If the amount of money awarded a landowner in condemnation proceedings under sec. 1850, Stats. (1898), be paid into court within the time limited for appealing, and the railroad company does not appeal, but the landowner does, yet withdraws the money before so doing and before the company takes possession, though such possession is subsequently taken, is such landowner precluded from pursuing the appeal remedy, if the railroad company sees fit to stand upon its rights in that regard?

Under the express provisions of the section referred to, the railroad company may pay the amount of the award to the landowner or into court for his use. In case of the latter, the company being in possession of the land and the landowner appealing, he may withdraw the money without prejudice to his appeal, but cannot do so pending an appeal by the cor-

poration, except upon filing a bond to repay the amount by which the award shall be abated on such appeal with costs.

Thus it will be seen the spirit of the statute is that upon an award of commissioners being made the landowner is entitled, absolutely, to the benefit of it, conditioned only that, in case of the money being paid into court and the corporation being in possession and contesting on its appeal the amount of the award, he cannot have the money except upon giving the bond mentioned. The idea is that, if the corporation waives its right of appeal, pays the money into court, and takes possession of the land, the landowner has, unconditionally, the right to such money and to the remedy to increase the amount as well. However, the statute does not, expressly, at least, afford the landowner the privilege of taking the money paid into court for his benefit while yet the corporation has not elected to go into enjoyment of the premises, and still retain his appeal remedy. Whether by implication such is the case from the fact that the whole plan of the statute is to vest the right of compensation in the landowner to at least the amount of the award, upon one being made, subject to the appeal remedy in favor of the corporation, and whether the taking possession by the corporation after withdrawal of the money and not appealing waives any irregularity in withdrawing the money, as in this case, prior to the landowner appealing and prior to such possession being taken, if there be such irregularity as regards its affecting the appeal remedy, are interesting propositions, the solution of one or both of which would be necessary to decide the first question. As we view the case, it is not necessary to the disposition of the appeal to decide either, since the second question presented is decisive. Therefore, it is considered best to leave such first question undecided.

The second question referred to is this: If a landowner withdraws money paid into court for his benefit, pursuant to an award in condemnation proceedings under sec. 1850, Stats. (1898), and subsequently appeals, the corporation not having

appealed or taken possession of the land, but taking such possession thereafter, and such withdrawal would under any circumstances constitute a bar to the appeal, and it is not suggested as such in the particular proceeding till upon a second trial, after the appeal has been pending for a considerable length of time, and appellant incurred much expense upon the faith of such remedy being open to him, and it is then brought to the notice of the court during the trial by application for leave to plead, as a supplemental defense, the fact and circumstances of the withdrawal—does the delay on the part of the corporation estop it from insisting upon such defense, or at best justify the court, in the exercise of sound judicial discretion, in refusing to permit it to be brought in by amendment or supplemental answer?

The foregoing statement of the vital proposition here is easily answered. So easily that no discussion or reference to authority is necessary. Upon the plainest principles of *estoppel in pais,* and loss of opportunity by laches, and competency of the court in judicial administration to exercise its judgment when to permit or deny an application to bring in new causes of action or defenses after the period for pleading as matter of right, the decision complained of seems to be well grounded and must be affirmed.

*By the Court.*—So ordered.