Spies, Appellant, vs. Chicago & Milwaukee Electric Railroad Company, Respondent.

*December 7, 1911—January 9, 1912.*

*Railroads: Condemnation of land: Appeal from award: Payment into court: Trial* de novo: *Verdict reducing amount: Judgment: Waiver.*

1. Upon an appeal, under sec. 1849, Stats. (1898), from the award of commissioners in condemnation proceedings, the trial in the circuit court is a trial *de novo* to determine the landowner's damages, without reference to the amount awarded by the commissioners; the verdict supersedes the award; and judgment is to be rendered according to the rights of the parties, without considering which one took the appeal.

2. Thus, where the landowner appealed from the award but withdrew the amount thereof, which the railway company had paid into court, and upon the trial the verdict was for a smaller sum, the railway company, although it had not appealed, was entitled to judgment against him for the difference between the award and the verdict and for the costs of the trial.

3. The railway company does not in such a case, by failing to appeal, waive its right to insist that the verdict of the jury establishes the amount which it should be called upon to pay. *Grand Rapids v. Bogoger,* 141 Wis. 530, distinguished; *Groth v. M. N. R. Co.* 143 Wis. 537, limited.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Henry J. Killilea* and *Rodger M. Trump,* and oral argument by *Mr. Trump.*

*Edgar L. Wood,* for the respondent.

BARNES, J. The defendant instituted condemnation proceedings to acquire title to certain parcels of land owned by plaintiff. The commissioners awarded damages in the sum of $1,200, which amount the defendant paid into court and entered into possession of the premises. The award was filed June 21, 1907. Plaintiff appealed therefrom July 18, 1907, and on September 16, 1907, withdrew the money paid into court. Defendant did not appeal. The appeal was tried in May, 1911, and resulted in a verdict finding that the value of the land condemned was $730. Upon this verdict judgment was rendered in defendant's favor for $470 with interest thereon and costs, aggregating in all $654.41. Plaintiff appeals from the judgment and insists that defendant, not having appealed from the award of the commissioners, was not entitled to recover back the difference between the two awards.

Sec. 1849, Stats. (1898), provides:

"Within thirty days after the filing of the report of the commissioners in the office of the clerk of such circuit court any party may appeal to such circuit court from any award

made by the commissioners by filing in the office of said clerk a written notice of appeal.   Upon his receiving such notice the appeal shall be considered an action pending in court, subject to a change of the place of trial and appeal to the supreme court as other actions, and shall be entered by the clerk upon the records of the court by setting down the owner or owners of the land for which such award was made and who are parties to the appeal as plaintiffs and the railroad corporation as defendant.   Such appeal shall be tried by jury unless a trial by jury is waived by both parties; costs shall be allowed to the successful party on such appeal, and if in favor of the plaintiff, be added to the amount of the verdict; if in favor of the defendant, be deducted therefrom; and judgment shall be rendered thereon according to the rights of the parties."

Primarily the commissioners in condemnation proceedings determine the damage which the landowner sustains by reason of the taking of his land.   Where the award of the commissioners is brought before the circuit court on an appeal by either party, the statute plainly contemplates that there shall be a trial *de novo* to finally settle the *quantum* of the landowner's damages.   Such damages are ascertained without any reference to the amount found by the commissioners.   The verdict supersedes the award.   There is a close analogy between the situation presented on an appeal from an award in condemnation proceedings and that presented on an appeal from a justice court judgment, where relief is granted according to the rights of the parties without considering which one took the appeal.   The situation is even more closely analogous to that presented in *York v. Orton,* 65 Wis. 6, 26 N. W. 166, which involved an appeal from the award of commissioners allowing a claim against the estate of a decedent.   The administrator appealed and the amount of the allowance was increased on the trial in the circuit court, and this court held that the award of the commissioners had nothing to do with the judgment to be entered in the circuit court, although the claimant did not appeal.   The distinction that might be

drawn between the two cases is too subtle to warrant a departure from the *York Case.*

The verdict established appellant's damages at $730. No complaint is made that the finding is not amply supported by the testimony. Sec. 1849, *supra,* requires the court to enter judgment on the verdict in accordance with the rights of the parties. Any judgment that permitted the appellant to recover or retain a larger amount of damages than $730 would not accord with the established rights of the parties. The statute contemplates that such a judgment should be entered as was rendered here. The respondent was clearly entitled to recover the costs of the trial in the circuit court. The statute says that such costs shall be deducted from the amount of the verdict. Reasonably construed, this provision means that, where the award of the landowner on appeal is less than that originally made, recovery is limited to the amount awarded on appeal, less the taxable costs. The amount of the original award having been withdrawn, it was proper for the court to enter an affirmative judgment for the difference between the first award and the second one, minus the costs of the trial in the circuit court. No other judgment would be in accordance with the rights of the parties. By not appealing the respondent waived the right to a bond before the money was withdrawn which it compulsorily deposited in court, but it did not waive the right to insist that the verdict of the jury established the amount of the damages which it should be called upon to pay.

The appellant relies principally on the cases of *Grand Rapids v. Bogoger,* 141 Wis. 530, 124 N. W. 659, and *Groth v. M. N. R. Co.* 143 Wis. 537, 128 N. W. 74. The first case is not in point. There it was held that a landowner did not waive his right to prosecute his appeal from an award of damages on account of land condemned by the city by withdrawing the amount of the award from the city treasury. This was held because it was said that the city had no right of ap-

peal, and, having no such right, was not entitled to any reduction of damages on the appeal. The statute gave the right of appeal to an aggrieved party only, and, the assessment having been made by the board of public works and confirmed by the common council, the city waived any objection to the excessiveness of the award.

In reference to the second case the following language is relied on to support the claim of the appellant:

"The idea is that, if the corporation waives its right of appeal, pays the money into court, and takes possession of the land, the landowner has, unconditionally, the right to such money and to the remedy to increase the amount as well."

This language must be read in connection with the facts before the court. The question involved was whether a party who had withdrawn the deposit made to satisfy the award of the commissioners waived the right to prosecute an appeal therefrom, and all the court intended to decide or did decide was that the landowner could withdraw the deposit and still prosecute his appeal where the railway company actually entered into the possession of the land. The judgment of the circuit court was right.

*By the Court.*—Judgment affirmed.