## CITY OF HOUSTON v. SUSHOLTZ et al.
### (No. 9329.)

Court of Civil Appeals of Texas. Galveston. Nov. 18, 1929.

Rehearing Denied Dec. 12, 1929.

hearing on the matter, took possession of the property, and deposited with the clerk of the court $3,600 as double the amount of the award, failing, however, to pay the costs incurred before the commissioners until October 26, 1928, thereafter, and never at any time giving a bond to secure any other costs that had accrued or might accrue.

In the proceedings before the commissioners the defendants denied that the property thus sought was necessary for public use, further pleading that the taking of it would result in damages to the remainder of their tract; likewise, on the city's resort to the county court, in different stages of their pleadings, both asserting a noncompliance with the law in the condemnation proceedings and reiterating their claims for damages, based on a $30,000 market value for the land taken and a $10,000 injury to the remainder, they charged the city with having wrongfully taken possession of their property without first having complied with the legal prerequisites as to giving bond and paying all costs, and, by way of cross-action sought to recover both these elements of alleged damages, the amounts thereof to be estimated upon the basis of the values of the property affected at the time of the trial in the county court.

Thereupon, on October 26, 1928, the city, under averment that it was the only one appealing from the award of the commissioners, and was then willing to abide by it, filed in the county court at law its motion for the dismissal of its appeal, and for an order affirming the finding of the commissioners, making it the final judgment of the court, and directing the payment of the amount thereof over to the defendants.

Overruling this motion to dismiss the city's appeal, the court submitted the cause to a jury upon the single special issue: "What do you find to be the reasonable cash market value of the the property in question on the 27th day of November, 1928?" And, upon the return of an answer of $27,150.00," rendered judgment in appellees' favor for that sum.

From that decree the city appeals.

■ In this court the first contention is that the city had a right to abandon its appeal from the award of the commissioners at any time before the cause was tried in the county court and have that award affirmed, by then paying the amount thereof, with interest, and cost of court.

The learned trial judge thus stated the considerations upon which he overruled the motion to so dismiss and affirm: "When this motion was made, the defendant, through her attorneys, announced to the court that the defendant had no objection to the dismissal of the action, but would object to the dismissal of the appeal and the entry of the judgment by this court in favor of the city and af-

Sewall Myer, J. H. Painter, and Sidney Benbow, all of Houston, for appellant.

Allen B. Hannay and C. A. Teagle, both of Houston, for appellees.

GRAVES, J. As in exercise of the right of eminent domain, the city of Houston on January 23, 1925, filed with the judge of the Harris county court at law its written statement looking to the condemnation for street purposes of .62 of an acre of land lying on Buffalo drive within the city, and belonging to Mrs. Rosa Susholtz and others; on the same day the judge appointed three commissioners to assess the damages, who, on February 11, 1925, after due procedure, filed their report in such court, reciting: "we assess said damages at the sum of $1800.00, and that the said City of Houston pay all costs of this proceeding." On the ensuing February 18th the city filed with the court its appeal from this award praying for a

firming the award made by the appraisers, because the jurisdiction of this court had attached and this cause was now before the court for trial de novo, and because the defendant had filed her cross-bill herein praying for damages to the remainder of the land taken and praying for increased damages for the value of the property taken in excess of the amount awarded by the appraisers, and that therefore this cause was before this court both by appeal by the city and by cross-bill by the defendant."

We approve this holding, and overrule the assignment challenging it; the city did not seek to dismiss its suit or cause of action, but only to have the appeal or resort it had perfected to the county court determined there by an order substituting in its place an affirmance of the commissioners' award, without a new trial at all, and without any disposition either of the defendants' cross-action for depreciation of other property, or their claim for excess damages to that taken over the amount of the award; no authority of law exists for such a procedure, since the statute itself, in virtue of which the transfer to the latter tribunal was effected, contemplated a de novo trial and determination there, specifically providing that it should be "as in other civil causes in the county court." Rev. St. 1925, art. 3266, subd. 6.

■ Furthermore, at least by analogy to like appeals from justice courts, it would seem to follow, first, that the perfection of this resort from the commissioners' award to the county court vacated the action of the lower body and gave to the proceeding as it then stood in the intermediate court the same status as if it had been originally commenced there; second, that a voluntary dismissal of such perfected transfer could not have been given the moved for effect of reviving or reinstating what had been so completely nullified, but only what would have resulted from the dismissal of the case altogether. Rev. St. 1925, art. 3266, subd. 6, supra; Missouri, K. & T. Ry. Co. v. Mosty, 8 Tex. Civ. App. 330, 27 S. W. 1057; Ayers v. Smith (Tex. Civ. App.) 28 S. W. 835; Martin v. Butner, 54 Tex. Civ. App. 223, 117 S. W. 442; Southwestern Land Corp. v. Neese (Tex. Civ. App.) 161 S. W. 1090; Western Union Tel. Co. v. McKee (Tex. Civ. App.) 135 S. W. 658; Bender v. Lockett, 64 Tex. 566; Moore v. Jordan, 65 Tex. 395; Woldert Grocery Co. v. Booneville Co., 99 Tex. 583, 91 S. W. 1082; Harter v. Curry, 101 Tex. 188, 105 S. W. 988; Spies y. Chicago, etc., Ry., 148 Wis. 35, 133 N. W. 1110; Georgia Granite R. Co. v. Venable, 129 Ga. 341, 58 S. E. 864; Consumers' Gas Co. v. Huntsinger, 12 Ind. App. 285, 40 N. E. 34; Ringle v. Board of Chosen Freeholders of Hudson County, 56 N. J. Law, 661, 29 A. 483; Reynolds v. Shults, 106 Ind. 291, 6 N. E. 619; Richardson v. City of Centerville, 137 Iowa, 253, 114 N. W. 1071.

By express statutory interdiction, no such consequence could have been visited on the defendants here, as against the affirmative relief they had sought in their cross-action. Rev. St. 1925, art. 2016.

■ The material portion of appellant's second presentment here is: "Where the City, appealing from the award rendered by the commissioners, deposits with the clerk of the county court double the amount of the commissioners' award before it takes possession of the property, and pays the costs incurred before the commissioners between the time it takes possession and the trial in the county court, the measure of damages as compensation for the land taken should be its value at the time of the deposit and the taking of possession, even though it does not give a bond to secure further cost, and the trial court erred in holding that the measure of damages was the reasonable market value of the land on the date of the trial in the county court—on the ground that failure to pay the costs incurred before the commissioners and the failure to give a bond were necessary prerequisites before the City of Houston had rightful possession of the land being condemned."

This position must be sustained; as before shown, the facts support this recitation of what occurred, the $3,600 having been deposited before possession was taken, the costs of the proceedings before the commissioners being paid prior to this trial in the county court, and no bond for further costs ever having been given by the city.

The opposing view of the appellees, which the trial court concurred in and acted upon in so submitting the previously quoted issue to the jury solely upon that theory, is that they were entitled to the market value of the property at the time of the final trial herein, rather than at the time of the original award by the commissioners, as prescribed in Rev. St. 1925, art. 3265, because the entry of the city upon it at the time of the award was unlawful in the circumstances.

The reverse of this proposition of course would be that the cited statutory measure would govern, if the entry was not unlawful; the lawfulness or not of the entry thus being the only issue necessary of determination, we do not stop to inquire whether or not the measure of damages applied below—the value of the property at the time of the final trial there—would, ipso facto, become the correct one upon a holding that the city's prior possession had been unauthorized, because, obviously, that question could not be reached until it was first found that such had been the character of the entry; it may be that it would, but no opinion either way need here be intimated.

We cannot agree that the entry was unlawful; the sole circumstances held to make it so were the stated facts that, prior to taking possession of the property pursuant to the commissioners' award, the city neither

gave the bond to secure further costs provided for in section 2, Rev. St. 1925, art. 3268, nor paid the costs incurred before the commissioners until October 26, 1928—about one month before the trial in the county court.

The appellees urge in support of the holding that the power to condemn land for public purposes must be strictly exercised in the manner prescribed by law, and that the condemnor must in advance comply with all the prerequisites therein laid down, otherwise its taking will be without authority. But we fail to find anything indicating that the city was required to give the cost bond prescribed by the section of article 3268 thus invoked; on the contrary, by a Special Act of the Twenty-Ninth Legislature, 1905, c. 17, art. 9, § 8. (Gammel's Laws of Texas, vol. 12, page 168) it was exempted therefrom in article 9, § 8, of its charter, reading as follows: "It shall not be necessary in any action, suit or proceeding in which the City of Houston is a party for any bond, undertaking or security to be demanded or executed by or on behalf of said city in any of the state courts, but all such actions, suits, appeals or proceedings shall be conducted in the same manner as if such bond, undertaking or security had been given as required by law, and said city shall be just as liable as if security or bond had been duly executed."

The relief thus accorded the city from giving the cost bonds exacted of other litigants in any sort of court action is expressly all-embracing in its terms, condemnation proceedings constituting no exception, and no reason occurs for not holding that the Legislature intended it to have just that effect; the considerations for it seem obvious, since the city in its capacity otherwise as a public municipality and an arm of the state—at least in its local field—was regarded as being not only thoroughly responsible as such but at all times both ready and willing to respond to the just demands of any of its citizens. We do not see why a Legislative purpose should be inferred to consider it any the less so when it came to the mere manner of exercising the special right of eminent domain—itself an attribute of government—that had been conferred upon it.

It is true article 4, § 2, of the same charter also provides: "To effect a condemnation, the same proceedings shall be taken and the same statutes shall govern; so far as applicable, as obtain and apply to the condemnation of lands by railway companies under the general statutes of the State of Texas." But that involves no contradiction, rather an express recognition that the general state condemnation statute was not intended to apply in respect to the city's giving security for costs.

Neither, we think, should the mere delay in paying the costs before the commissioners invalidate an entry otherwise regular; section 1 of article 3268, Rev. St. 1925, is: "1. It shall pay to the defendant the amount of damages awarded or adjudged against it by the commissioners, or deposit the same in money in court, subject to the order of the defendant, and also pay the costs awarded against it."

This provision clearly appears to be one for the benefit of the officers of the court, which is fully protected in the quoted charter provision that "said City shall be just as liable as if security or bond had been duly executed," and would not seem to involve any indispensable right of the defendant in condemnation before possession of the property can be taken.

In view of the disposition made of the appeal, the further question raised as to the sufficiency of the evidence to support the verdict of the jury becomes immaterial.

The judgment has been reversed, and the cause remanded for another trial, to be had in conformity to the holdings herein made.

Reversed and remanded.