IN RE PETITION OF CARISCH: CARISCH, Appellant, vs. COUNTY HIGHWAY COMMITTEE OF PRICE COUNTY, Respondent.

*October 10—November 7, 1934.*

0

For the appellant there was a brief by *C. B. Carisch,* attorney, and *Olin & Butler* of counsel, all of Madison, and oral argument by *Mr. Carisch.*

For the respondent there was a brief by *White & White* of River Falls and *T. A. Waller* of Ellsworth, and oral argument by *Ferris M. White.*

WICKHEM, J.  Proceedings to condemn land for highway purposes in connection with the relocation of State Trunk Highway No. 34 were commenced on or about November 1, 1932.  The use of a strip of land five by fifteen rods, located in the city of Prescott and owned by plaintiff, became necessary in connection with this relocation.  The county highway committee of Pierce county made and signed an award of damages to plaintiff in the sum of $2,000.  This award was approved by the state highway commission, filed with the county clerk of Pierce county, and possession of plaintiff's real estate taken.  The award was made under sec. 83.08 (2), which provides that 'if "needed lands cannot be acquired by contract for a reasonable price, the county highway committee shall acquire the same either by condemnation proceedings in the manner provided by chapter 32

of the statutes or by section 83.07, or shall *make and sign an award of damages to the landowner and, when approved by the state highway commission, shall file the same with the county clerk; . . .*" It is provided that "the landowner may receive the same without prejudice to his right to claim and to contest for a greater sum." ·It is provided that a dissatisfied landowner may "proceed as provided in chapter 32 to have his damages appraised, or may apply to the county judge on five days' written notice to any member of the county committee, to appraise the owner's damages and thereafter the proceedings shall be as provided in section 83.07. . . ." Plaintiff, being dissatisfied, proceeded under ch. 32, in accordance with the permission granted by sec. 83.08 (2). Commissioners were appointed under the provisions of sec. 32.08, and on June 8, 1933, they filed their assessment of damages for the taking in the sum of $1,700. The plaintiff thereupon appealed to the circuit court for Pierce county. By consent of the parties, the case was tried to the court without a jury and without formal pleadings. The defendant claimed recoupment for moneys already paid. The trial court assessed plaintiff's damages at $1,200, and entered judgment against the plaintiff for $800 damages and costs, which was the difference between the sum originally awarded and paid by the county highway committee and the amount found as damages by the circuit court.

Plaintiff's first contention is that the finding of the circuit court as to the fair market value of the premises at the time of the taking is contrary to the clear preponderance of the evidence. No useful service would be performed by an extensive analysis of the testimony. There is testimony to the effect that the property was worth $2,800 before the taking, and $100 afterwards. In conflict with this there is testimony that the property was worth from $700 to $1,000 before the taking. There being such a conflict, and the trial

court having viewed the premises and heard the witnesses, the findings cannot be said to be against the great weight and clear preponderance of the evidence.

A more troublesome question arises out of the second contention of plaintiff, which is that sec. 83.08, Stats. 1931, merely gives to the aggrieved property-owner the right to "contest for a greater sum" than that awarded and paid to him by the county committee, and that it does not authorize the recovery of sums awarded and paid by the county committee in case the value of the property is ultimately found to be less than such award. It is pointed out that after an award is made the county committee has no standing to appeal or otherwise to attack the award so long as the property-owner is content to accept it. It is urged that this points to a legislative intent that the county committee be definitely and finally concluded by its award, whereas the property-owner may assert and establish his right to a greater sum.

It is our conclusion that the contention is not sound. One of the options of an owner dissatisfied with an award is to proceed under the provisions of ch. 32, and this course was selected by plaintiff. Secs. 32.08 to 32.10, inclusive, provide for the appointment of commissioners and the appraisal of the property by them. Sec. 32.11 provides that "any party to a condemnation proceeding . . . may appeal . . . to the circuit court. . . ." This section further provides that upon the appeal being perfected, "it shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein." Upon this appeal the statute contemplates and prescribes a trial *de novo*. *Skalicky v. Friendship E. L. & P. Co.* 193 Wis. 395, 214 N. W. 388, where it is said that when these proceedings "reach the circuit court on appeal they are then, by force of

this statute, for trial *de novo* before the court and jury and upon any and all issues that can be properly framed or asserted upon the entire record as it then stands." ·To the same effect, see *Spies v. Chicago & M. E. R. Co.* 148 Wis. 35, 133 N. W. 1110, where it is said:

"Where the award of the commissioners is brought before the circuit court on an appeal by either party, the statute plainly contemplates that there shall be a trial *de novo* to finally settle the *quantum* of the landowner's damages."

In the latter case the defendant railway company instituted condemnation proceedings to acquire title to certain parcels of land owned by plaintiff. Commissioners awarded damages in the sum of $1,200, which sum the defendant paid into court, and thereupon entered into possession of the premises. The plaintiff appealed to the circuit court and thereafter withdrew the money paid into court. There was no appeal by the defendant. The appeal was tried and resulted in a verdict finding the value of the land to be $730, and upon this verdict judgment was rendered in defendant's favor for the difference between this amount and the sum paid into court by defendant. It was contended in this court that the defendant, not having appealed from the award, was not entitled to recover the difference between the two awards. This court repudiated this contention and stated that it was proper for the court to enter judgment for the difference between the first and second awards. It was the view of the court that by appealing to the circuit court and submitting to a trial *de novo,* the plaintiff was bound by the results of this new trial, and that the new trial could only properly proceed by ignoring the previous payment into court and disposing of the rights of the parties as they in fact existed. The doctrine of the *Spies Case* is decisive of the issues here. The fact that a property-owner, aggrieved

by the award made under the terms of sec. 83.08 (2), is permitted to contest the sufficiency of the award in a proceeding which gives the county committee, as well as claimant, an appeal from the award of the commissioners and contemplates that upon such appeal there shall be a trial of the merits *de novo,* repels the conclusion that sec. 83.08 (2) intended to limit the issues upon a contest to the question whether the owner should not have a higher award. The purpose of sec. 83.08 (2) was to permit the county committee to acquire land expeditiously, and by making an award, to secure immediate possession of the premises. The statute gives the county committee no right to review this award, and the landowner is in a position to insist upon keeping the award if he is satisfied with it. When, however, the landowner, being dissatisfied, exercises an option to proceed under the condemnation chapter—ch. 32—he subjects himself to all of the provisions of that chapter, which provides, first, for an award by commissioners and then for an appeal by either party to the circuit court, at which time there shall be a trial *de novo,* unaffected by previous proceedings, which shall fully and accurately dispose of the rights of the parties. In this case, just as in the *Spies Case,* a judgment which would permit the landowner to retain an award of damages greater than the value of the land as found by the circuit court would not "accord with the established rights of the parties."

Plaintiff relies on *Grand Rapids v. Bogoger,* 141 Wis. 530, 124 N. W. 659. In that case the city condemned a strip of land owned by respondents, and the common council confirmed an award of damages in the sum of $4,500. Respondents, being dissatisfied, appealed from this award to the circuit court, but pending the appeal accepted the payment of the $4,500 and surrendered possession of the land.

It was contended that by so doing, respondents waived their right to appeal. It was held that respondents "are right if the circuit court on this appeal had no power to reduce the compensation and damages of respondents below $4,500." It was held that the city, having confirmed the award, had no standing to appeal, since it was not a "party aggrieved," as required by the section on appeals there involved. It was considered to follow that there could be no reduction of the award upon appeal, and consequently there was no waiver by acceptance of the award. While this case is authority for the proposition that a plaintiff whose award is subject to reduction on appeal, waives his right to appeal by accepting the award, it does not establish the doctrine that an award, confirmed or voluntarily made, may not thereafter be reduced. This question must be answered in accordance with the legislative intent as disclosed by the particular statute involved.

In view of the fact that the proceedings to review an award made under sec. 83.08 (2) involve ultimately a trial *de novo*, it is our conclusion that the legislature contemplated that these proceedings should accurately dispose of the rights of the parties as though an award had never been made, and that the permission to accept the award without prejudice to contest for a greater sum, was merely to avoid the waiver, which, under the *Grand Rapids Case*, would result where an owner, whose award was subject to reduction on appeal, accepted the award.

We cannot ascribe to the legislature an intention, on the one hand, that a grossly excessive award resulting in a waste of the taxpayers' money, should be final in a proceeding designed completely to retry the issues between the county committee and the landowner. Nor, on the other hand, can we ascribe to the legislature a purpose to encourage unfair

and niggardly awards to landowners in the fear that anything thus paid could never be recovered should the owner appeal, with such a result as is here presented.

*By the Court.*—Judgment affirmed.

FOWLER, J. (*dissenting*). I cannot agree to the construction given by the majority of the court to sec. 83.08 (2), Stats. 1931. By that section, when the county highway committee cannot acquire by contract land needed, they may make and sign an award of damages. When this is approved by the state highway commission and filed with the county clerk, the amount awarded "shall be payable the same as when the land is acquired by contract; and the landowner may receive the same without prejudice to his right to claim and to contest for a greater sum." The language quoted gives to the landowner the same right to the money awarded as he has when money is paid to him pursuant to a contract between him and the county highway committee. When money is so paid, the money is his absolutely, and it cannot, nor can any part of it, be taken away from him by the county. So, by the language quoted, it follows that when the amount of the award made by the highway committee is paid to the landowner it becomes his property absolutely, and it cannot be taken away by the county. This idea is made still more clear, if greater clarity is possible, by the last clause of the quotation. The landowner who receives the amount of an award receives it "without prejudice to his right to claim and to *contest for a greater sum.*" He may, if he likes, without prejudice to his right to the money received,—without prejudice to the right to retain it as his own beyond the power of the county or the court to take it away from him,—*contest for a greater sum,* by applying to the county judge to have his damages approved as the appellant did. And, when the county judge has made his award,

he may appeal to the circuit court where further proceedings are had as in condemnation proceedings under sec. 32.11, Stats. Sec. 83.07 (4), Stats. Both before the county judge, and before the circuit court, the thing he may contest for, without prejudice by chance of loss of any part of what he has received, is a greater sum. The ultimate fact to be determined, by the county judge and by the circuit court, is whether he is entitled to a greater sum than he was awarded by the county committee. His right so to contest without prejudice, expressly declared by the statute, is violated if he must make his contest upon chance of being compelled to surrender any part of the award he has received, which is his absolutely, just as it would be had he received it pursuant to contract. The plaintiff is certainly prejudiced by his contest, if, as a result of it, $800, which is his absolutely, is taken away from him.

It is fundamental that words in a statute and all words therein must be given their ordinary meaning, unless there is something else in the statute absolutely contradictory that shows a different intent. The words quoted above were inserted in the statute for some purpose. The legislature intended some meaning by their insertion. The opinion of the court gives them no meaning whatever. It construes the statute precisely as it would be construed were the two clauses not in the statute at all. A word or a phrase may sometimes get into a statute through mistake that cannot be given a meaning, because the statute as a whole by other language shows plainly an intent which compels ignoring the word or phrase inconsistent with such intent. But that two entire clauses can slip into a statute by mistake or with intent that they are to be taken as meaningless and without effect seems to me absurd.

The same conclusion would follow from the language quoted without the clause "without prejudice to his right to

claim and to contest for a greater sum" upon the principles
of tender and payment. The proceedings in the circuit court
are without pleadings. But what was the issue there? The
county had paid to the plaintiff what it considered his due for
the land taken. It had fixed its own price and voluntarily
paid it. Upon the county so doing the plaintiff was compelled
by the statute to give his land over to the county. He claimed
he was entitled to more than was paid. When one party has
made payment to another of what he considers the other's
due, and the other has taken him into court to recover a fur-
ther sum that he claims is due him, the one party cannot re-
cover back any portion of what he paid, although it may be
determined by the court that he paid more than was due; or
when a plaintiff sues to recover what he claims his due, and
the defendant pleads a tender of what he considers the plain-
tiff's due and keeps the tender good by paying it into court,
the amount so paid is the absolute property of the plaintiff,
although it be finally determined that the amount due was
actually less than the tender. In either such case, if it be de-
termined that the amount owing the plaintiff is less than the
amount paid, the defendant recovers the cost of the suit, but
in neither can he recover any part of what he voluntarily
paid. So it should be, upon general principles, in the instant
case.

To my mind, the instant case is ruled by *Grand Rapids v.
Bogoger,* 141 Wis. 530, 124 N. W. 659. In that case the
city pursuant to a special statute applicable instituted proceed-
ings to take a strip of land for widening a street. The statute
provided that in such case the damages should be fixed by the
board of public works, whose award was subject to confirma-
tion by the common council. The board of public works
made an award and the common council confirmed it. The
landowner appealed to the circuit court from the award.
Pending the appeal the city issued to the landowner a city

order for the amount of the award, which the landowner cashed. When the case came on for trial the city moved to dismiss the appeal because the landowner had accepted and cashed the city order. The motion was denied and the jury assessed the damages at an amount $800 in excess of the amount received. The statute involved provided that on the landowner's appeal, if the recovery should exceed the amount of the award, the appellant should recover the excess with costs, but made no provision in case of a reduction of the landowner's damages. The city claimed that by accepting the order the landowner waived his right to recover more. The landowner claimed that the amount of the award when paid to him became his absolutely. The court ruled for the landowner, and held that the only issue was "what damages, if any, the plaintiff was entitled to over and above those confirmed by the city council." The ruling went upon the language of the statute above stated and the fact that the city had no appeal. But the county highway committee has no appeal under the instant statute, and I can perceive no difference in meaning between the language of that statute and the meaning of the language of the statute here involved that the landowner may appeal without prejudice to his right to claim and to contest for a greater sum. There, as here, the ultimate issue, and the only ultimate issue, was whether the landowner was entitled to a sum greater than the award.

It is stated in the opinion of the court that the general condemnation statutes give a trial *de novo* in the circuit court, and that the same issues therefore exist in this case that ordinarily exist in condemnation appeals. This does not necessarily follow. Sec. 83.08 (2) is a recent statute. It was enacted after the construction of the appeal statute in condemnation proceedings was made by the court. If the language of sec. 83.08 (2) expresses an intent contrary to the rule that generally obtains on appeals in condemnation pro-

ceedings, that intent, declared by the later statute, must be given effect.

The opinion of the court holds in effect that we cannot assume the legislature intended to encourage appeals from the awards of county highway committees by providing that on such appeal the award could not be lessened, even though it incorporated in the statute language expressing such an intent. Quite likely the legislature was of opinion that the provision would not have the effect attributed to it by the court. But regardless of the legislative opinion as to the effect of the provision, it is the duty of the court to give to the provision its plain meaning, although such interpretation may in the opinion of the court lead to unfortunate results. The result or effect of the language used is no concern of the court. If the statute as enacted bespeaks a wrong policy, it is for the legislature to amend it, not for the court to correct the legislative error by saying that the legislature did not mean what its language plainly imports.

For the reasons above stated, the judgment of the circuit court should in my opinion be reversed, and the cause remanded with directions to enter judgment in favor of the respondent for costs.

I am authorized to state that Mr. Justice NELSON concurs in this dissent.