KNUTSON and wife, Respondents, vs. ROCK COUNTY, Appellant.

*March 10—June 12, 1941.*

For the appellant there were briefs by *Arnold, Caskey & Robson* of Beloit, and oral argument by *E. J. Caskey.*

For the respondents there were briefs by *McGowan & Geffs* and *Jeffris, Mouat, Oestreich, Wood & Cunningham,* all of Janesville, and oral argument by *Otto A. Oestreich* and *Jacob Geffs.*

The following opinion was filed April 15, 1941:

WICKHEM, J. The sole question upon this appeal is whether plaintiffs are entitled to have awarded to them the expenses incurred in proceeding under ch. 32, Stats., to have

their damages appraised. The following are the undisputed facts:

Plaintiffs own a farm north of the city of Janesville, and a portion of that farm has been taken for a relocation of United States Highway No. 51 in accordance with orders of the state highway commission. The relocation and the taking was under sec. 83.08, Stats., which in substance provides that when the highway commission deems it proper to relocate a highway, it shall prepare a map showing the old and new locations and file this with the county clerk and the county highway committee. The statute then requires that the county highway committee shall proceed within ninety days thereafter to negotiate for and obtain easements, conveyances, or deeds if possible from any persons having an interest in the land required for a relocation. It is provided that if for any reason the needed lands cannot be obtained by purchase, the county highway committee shall acquire them either by condemnation proceedings as prescribed by ch. 32, Stats., or by sec. 83.07, Stats., or shall make an award of damages to the landowner, and upon approval by the state highway commission shall file the same with the county clerk. The amount so awarded is payable the same as though the land were acquired by ordinary purchase, and it is provided that the landowner may receive this amount without prejudice to his right to contest for a greater sum. As soon as the award is made, approved, and filed, the highway authorities and their contractors are permitted to take possession and proceed with the improvement. Within two years after the filing of the order the owner may "proceed as provided in chapter 32 to have his damages appraised, or may within said period apply to the county judge, . . . to appraise the owner's damages and thereafter the proceedings shall be as provided in section 83.07 and the provisions of said section shall apply." In this case an award was made to plaintiffs of $1,285.50. This award was approved, filed, and paid. Within a period of two years

after the filing, plaintiffs filed their petition in circuit court as provided in ch. 32, Stats., to have their damages appraised.

The award of expenses to plaintiffs was made under sec. 32.15 (1), Stats. This section reads as follows:

"If any person having the power to acquire property by condemnation has entered into the possession of any property and is using the same for a purpose for which condemnation proceedings might be instituted but has not acquired title thereto, or if such title is defective, such person may proceed to acquire or perfect such title in the manner provided in this chapter. At any stage of such proceedings the court in which they are pending or the judge thereof may authorize such person, if in possession, to continue in possession, and if not in possession, to take possession and have and use such lands during the pendency of such proceedings and may stay all actions or proceedings against such person on account thereof on the paying in court of a sufficient sum or the giving of such securities as such court or judge may direct to pay the compensation therefor when finally ascertained. In every such case the party interested in such property may institute and conduct at the expense of such person the proceedings to a conclusion if such person delays or omits to prosecute the same."

Plaintiffs' contention is that the county occupies the position described in this section of a person having power of condemnation who is in possession of property, using it for a purpose for which condemnation proceedings might be instituted, but who has not acquired title or, at most, has acquired a defective title. Plaintiffs further contend that the county must proceed under ch. 32, Stats., to perfect its title and that having delayed or omitted to do so, plaintiffs are authorized to institute the proceedings at the expense of the county. The case is largely argued in the briefs as though it turned on the question whether the county got full title when it made and paid the award under sec. 83.08, Stats. Not without some difficulty we have concluded that this is not the determining fact. The question is whether sec. 83.08 contemplates or

requires that the county take any further proceedings in the matter after an award is made and paid by the highway committee. If it does not, then the county is not described by the provisions of sec. 32.15 (1), because the latter section plainly refers to a person in possession of property which it may condemn and concerning which it must ·take further steps to perfect the title. It is our conclusion that sec. 83.08 does not contemplate any further steps on the part of the county with respect to the condemnation for highway relocation purposes. The award is to be made and paid and possession is to be taken. If no action is taken by the landowner within two years the matter is closed. If anything is done within two years it·is to be done by the owner. Under these circumstances, we are unable to assent to the conclusion of the trial court that sec. 32.15 (1) requires the county to act in any manner. *A fortiori* the county has not delayed or omitted to act, and the situation provided for in sec. 32.15 (1) has never arisen. Sec. 32.15 (1) was enacted in 1919. At that time the revisor's note contains the following statement:

"This is the substance of sec. 1852 of the statutes."

The portion of sec. 83.08, Stats., under which the lands were possessed by the county was enacted in 1929 by ch. 187, Laws of 1929. The meaning and scope of sec. 32.15 (1) was fixed long before the short cut devised in 1929 secured the approval of the legislature. Hence, certainly the proceeding by award provided in sec. 83.08 was not in the mind of the legislature at the time of the enactment of sec. 32.15 (1). Sec. 83.08 (2) had for its purpose expediting the possession of highway authorities in relocation projects. It also plainly contemplates that wherever the legal title is, and regardless of when it passes to the county, there are no further steps to be taken by the county. If further proceedings are had they must be taken by the aggrieved landowner within two years of the filing of the award; and as held in the case of *Carisch*

*v. County Highway Committee,* 216 Wis. 375, 257 N. W. 11, such an owner, if he decides to contest the award, must stand on the award ultimately given to him, and if it is smaller than the award by the county committee he must remit the difference. This is all a far cry from a conclusion that the county has any further duties to proceed. It is in fact to be doubted if the county has any right to proceed further. It certainly would seem to be bound by the award unless the owner contests. The award has been paid, and if the owner is content, that appears to end the matter. If follows, (1) that there is no duty on the part of the county to act or to bring any proceedings under ch. 32, Stats., and (2) that the county neither omitted nor delayed to bring such proceedings.

Some suggestion is made that if prior to a hearing which would satisfy the calls of due process the county is permitted by statute to have permanent possession of the land itself for the highway, sec. 83.08, Stats., is subject to serious constitutional objections. *Taylor v. Chicago, M. & St. P. R. Co.* 83 Wis. 645, 53 N. W. 855. This contention can have no bearing upon the merits of this appeal. The question is whether sec. 32.15 (1) applies to awards under sec. 83.08. This is not a case where a less obvious construction of sec. 32.15 (1) would have to be preferred in order to make that section valid and constitutional, and we will not concern ourselves with the questions, (1) whether the county on paying the award under sec. 83.08 has full title subject to no defects, or (2) if this is not true, when its possession ripens into a full and tangible title.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on June 12, 1941.