LINDSAY and wife, Appellants, v. HOUSING AUTHORITY OF CITY OF MILWAUKEE, Respondent.

*January 7—February 5, 1963.*

For the appellants there was a brief by *Pommerening &amp; Pommerening* of Milwaukee, and oral argument by *E. C. Pommerening.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

GORDON, J. The appellants are aggrieved because the valuation set by the circuit court is based upon the opinion evidence presented by two expert witnesses. The trial court "substantially discounted" the valuation asserted by the appellants themselves. The latter based their opinion as to value upon the original purchase price plus the cost of improvements.

The appellants purchased a land-contract interest in the property for $5,000 on May 8, 1956. A duplex was located upon the property, but at the time of the purchase it was not in habitable condition. It had been condemned by the city health department. The appellants spent $5,458 on improvements and repairs. The parties stipulated that the date of valuation is May 26, 1961.

The original cost plus the subsequent remodeling expense together total $10,458. The Lindsays argue that this amount should be depreciated at four percent per annum and that the balance of $9,203.04 constitutes the fair market value. The appellants urge that this approach offers the best evidence of the value on the date of the taking.

The trial court had before it the testimony of two experts. One, testifying on behalf of the Housing Authority, gave as his valuation the figure of $5,300. The other, called by the owners, expressed an opinion that the value was $8,240. The

trial court noted that the opinion of the owners was "greatly in excess of the testimony of their expert witness."

We are unable to accept the appellants' contention that the trial judge was obliged to reject the appraisers' figures and to adopt the cost-plus-improvement formula. There are numerous reasons for our view:

(1) The purchase of the property by the Lindsays was not a transaction which can be said to have been current or contemporaneous with the taking. The purchase occurred five years before the date fixed for the valuation of the taking. This distinguishes the case at bar from such cases as *State ex rel. Evansville Mercantile Asso. v. Evansville* (1957), 1 Wis. (2d) 40, 82 N. W. (2d) 899, and *State ex rel. Enterprise Realty Co. v. Swiderski* (1955), 269 Wis. 642, 70 N. W. (2d) 34. The five-year span in the instant case does not qualify the appellants for the benefit of the rule stated in *Watson v. Milwaukee & Madison R. Co.* (1883), 57 Wis. 332, 357, 15 N. W. 468, in which this court stated:

". . . an actual sale of the property in question very near to the time at which the value is to be fixed, is of great weight as contrasted with evidence of mere opinion."

In *Epstein v. Denver* (1956), 133 Colo. 104, 293 Pac. (2d) 308, the supreme court of Colorado held that the price paid for the property in question four years previous to the date of condemnation was admissible into evidence as one fact to be considered by the jury, though the price paid was not conclusive. The Colorado court stated (p. 108):

"In the instant case the actual sale price of the property, while not controlling in the determination of its market value in 1954 was, to say the least, a fact which the jury might consider in reaching a verdict."

Thus, we conclude that the cost of the property five years earlier was just one factor to be considered by the trier of

fact. It was not controlling. For the objection of remoteness see *Huse v. Milwaukee County Expressway Comm.* (1962), 16 Wis. (2d) 225, 228, 114 N. W. (2d) 429.

(2) The great bulk of the remodeling (all but $700) was done in 1957, approximately four years before the date of valuation of May 26, 1961. They did not constitute current or contemporaneous improvements.

(3) We are not able to rule that these improvements and repairs automatically augmented the value of the real estate to the same amount in dollars as the owners paid for the remodeling. In *Patch v. Boston* (1888), 146 Mass. 52, 14 N. E. 770, the Massachusetts court, in affirming the trial court's holding that evidence of the cost of an addition to a residence was not admissible as bearing on its fair market value, stated (p. 56):

"As a general rule, the market value of the property is the measure of damages. Ordinarily, the cost is not material, and especially the cost of some particular improvement, which, however convenient to the owner, may not correspondingly increase the market value."

See also 5 Nichols, Eminent Domain (3d ed.), p. 365, sec. 20.1, where the author states:

" 'Cost' is not synonymous with market value. *A fortiori*, cost of land and cost of improvements taken separately and added are not to be equated with fair market value."

(4) The appellants offered expert testimony and, as the learned trial judge observed, their own expert's figure was substantially less than the cost-plus-improvement figure urged by the appellants.

(5) The question of the value of this real property was in dispute, and the finding of the trial court must stand unless it is against the great weight and clear preponderance of the evidence. *Utech v. Milwaukee* (1960), 9 Wis. (2d) 352, 355, 101 N. W. (2d) 57; *Carisch v. County Highway Comm.* (1934), 216 Wis. 375, 377, 257 N. W. 11.

We conclude that there was ample evidence to support the trial court's conclusion that the fair market value of the property in question on May 26, 1961, was $7,500.

*By the Court.*—Judgment affirmed.